The Honorable Patrick Henry Hays State Representative 321 Maple Street North Little Rock, AR 72119
Dear Representative Hays:
This is in response to your request for an opinion regarding the obligation of certain persons in connection with the sale of real property. You have asked for guidance with respect to the legal obligations of a seller and/or real estate agent in advising a prospective buyer of the possible contamination of the water system, or of other known defects which may adversely affect the property.
It must be initially noted that as a general rule there is no duty between the vendor and purchaser to disclose any information affecting the value of property in an arm's length transaction. Consolidated Oil and Gas, Inc. v. Ryan, 250 F. Supp. 600, 605 (W.D.Ark.), aff'd, 368 F.2d 177 (8th Cir. 1966). This ordinarily holds true even if the vendor has knowledge of facts concerning the value of the property and the purchaser does not. 91 C.J.S. Vendor Purchaser disclose, even as to material facts, does not of itself in every instance suffice to establish the existence of fraud. Id.
The existence of a duty to disclose involves a question of fact, the resolution of which will depend upon the circumstances of the particular case. It seems clear that a fiduciary relationship will give rise to a duty to disclose material facts. Consolidated Oil and Gas, Inc. v. Ryan, supra. A fiduciary relationship exists whenever a trust, continuous or temporary, is specially reposed in the skill or integrity of another; or the property or pecuniary interest, in whole or in part, is placed in charge of another. Consolidated Oil and Gas, Inc., 250 F. Supp. at 604. A duty to disclose a confidential or other similar relationship. Id. The Arkansas Court of Appeals has stated the following in this regard, in the case of Camp v. First Federal Savings and Loan, 671 S.W.2d 213,215-216 (Ark.App. 1984):
 Appellant cites 37 Am.Jur.2d Fraud and Deceit 146 for the general rule that `there are times and occasions when the law imposes upon a party a duty to speak rather than to remain silent in respect of certain facts within his knowledge' and failure to speak `is actually equivalent to a fraudulent concealment and amounts to fraud just as much as an affirmative falsehood.' As the Arkansas Supreme Court has noted, however, in Berkeley Pump Co. v. Reed-Joseph Land Co., 279 Ark. 384, 397, 653 S.W.2d 128
(1983), this rule is applicable only under `special circumstances . . . such as a confidential relationship.' The question thus is whether there was sufficient evidence for a jury's consideration of a confidential or other similar relationship. It is significant that the court did not limit the circumstances under which a duty to speak exists to a confidential relationship but left open-ended the nature of the connection between the parties.
The court continued by quoting from 37 Am.Jur.2d Fraud and Deceit 146 as follows:
 [T]he law does not, except in broad terms, attempt to define the occasions when a duty to speak arises. On the contrary, there has been adopted, as a leading principle, the proposition that whether a duty to speak exists is determinable by reference to all the circumstances of the case, and by comparing the facts not disclosed with the object and end sought by the contracting parties. . . .
 671 S.W.2d at 216.
The court in Camp, 671 S.W.2d at 216, also quotes the following language from the Arkansas Supreme Court's decision in Hanson Motor Co. v. Young, 223 Ark. 191, 265 S.W.2d 501 (1954):
 The duty of disclosure . . . arises where one person is in position to have and to exercise influence over another who reposes confidence in him whether a fiduciary relationship in the strict sense of the term exists between them or not.
A fiduciary relationship between a real estate agent and a prospective buyer will thus in all likelihood compel the disclosure of material facts. However, the relationship between a seller and a buyer in an arm's length transaction must exhibit "special circumstances," such as a confidential relationship, before a duty to disclose will arise. Superiority of information ordinarily imposes no duty of disclosure, particularly where the matter is one of public record equally ascertainable by both parties. 91 C.J.S. Vendor Purchaser 57. If one party is actually aware of the other's lack of knowledge or has reason to suspect the other's ignorance, a duty may arise. Id. These are matters which can only be resolved on a case by cases basis, following a review of all pertinent facts and circumstances.
It should be noted, finally, with respect to the existence of a duty to disclose, that concealment will be deemed fraudulent if in addition to a party's silence there is any statement on his part which tends to affirmatively suppress the truth or distract the other's attention from the facts. 91 C.J.S. Vendor Purchaser 57.
Your question also involves the issue of the materiality of the undisclosed information. As a general rule, the duty to disclose only relates to material facts. While this again is an issue to be resolved based upon the circumstances of each particular case, it has been stated that the fact(s) must relate to some matter of inducement in the formation of the contract. 91 C.J.S. Vendor 
Purchaser 58. The misrepresentation must have been a "substantial factor" influencing the purchaser's decision, although it need not be decisive. Southern Equipment Tractor Co. v. K K Mines, Inc., 272 Ark. 278, 613 S.W.2d 596 (1981). It should also be noted that courts have distinguished between concealed conditions that are inherently damaging and those that are potentially so. See, e.g., Kaze v. Compton, 283 S.W.2d 204 (Ky. 1955); Hauben v. Harmon, 605 F.2d 920 (5th Cir. 1979).
It may thus reasonably be concluded that the existence of potentially dangerous or damaging conditions will not be determinative.
The Arkansas Supreme Court has stated, however, that concealment of the insufficiency of the water supply constitutes "fraud by silence." Blythe v. Coney, 228 Ark. 824, 310 S.W.2d 485 (1958). And, of course, fraud may result from statements tending, in addition to silence, to suppress the truth or distract the other party's attention from the truth. 91 C.J.S. supra. The court has also stated on at least one occasion that restrictions imposed by governmental authorities may reflect material facts. Fennel [Fennell] v. Ross, 289 Ark. 374, 711 S.W.2d 793 (1986). A determination by the Health Department or other governmental authority with respect to contamination of the water supply may therefore be a significant factor.
It becomes apparent that the particular facts and circumstances of each case are essential to a conclusive resolution of your question. However, we hope that the foregoing offers general guidance in addressing these issues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.