Angela FLOYD *v.* A. Samuel KOENIG III, M.D., Albert S. Koenig III, P.A. d/b/a Family Medical Center

CA 07-728                                               274 S.W.3d 339

Court of Appeals of Arkansas
Opinion delivered February 6, 2008

*Keith, Miller, Butler & Webb, PLLC*, by: *Kristin L. Pawlik*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *J. Michael Cogbill* and *Farrah L. Fielder*.

S AM BIRD, Judge. Appellant Angela Floyd appeals from the circuit court's order dismissing her complaint against Dr. Samuel Koenig III for failure to file her complaint within the applicable statute of limitations. Although appellant responded to Dr. Koenig's statute-of-limitations defense by claiming that the statute of limitations was tolled by the doctrine of fraudulent concealment, the circuit court rejected this argument, holding that appellant did not set out allegations of fraud in her complaint. Appellant argues on appeal that the circuit court erred in holding that Rule 9(b) of the Arkansas Rules of Civil Procedure, which requires that fraud be pleaded with particularity, applies to the doctrine of fraudulent concealment. Moreover, she claims that she pleaded sufficient facts in her complaint to establish fraudulent concealment and, therefore, that the statute of limitations in this case was tolled. We reverse the circuit court's order dismissing appellant's complaint and remand for further proceedings.

In cases where the appellant claims that the trial court erred in granting a motion to dismiss, appellate courts review the trial court's ruling using a de novo standard of review. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). We will not reverse a finding of fact unless it is clearly erroneous. *Sanford v. Sanford*, 355 Ark. 274, 137 S.W.3d 391 (2003). We treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 441, 206 S.W.3d 837, 840 (2005). In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. *Id.*

According to appellant's complaint, in the late summer of 1987, appellant, then twenty-three years old and unmarried, became pregnant with her second child. Dr. Koenig, who was her

family physician and the primary-care provider for her one-year-old son, provided prenatal care. During one of appellant's prenatal visits, Dr. Koenig suggested that appellant consider giving up her second child for adoption, said that he knew a family who would like to adopt, and told her that he could take care of all of the arrangements for the adoption. She agreed to the adoption, which was to be done anonymously. Appellant moved from Fort Smith to Tulsa, Oklahoma, in January 1988 in order to keep her pregnancy a secret from all but her parents and her aunt. Appellant gave birth to a baby girl on April 12, 1988, and executed the consent to adoption on April 13, 1988.

When appellant returned to Fort Smith after the birth, Dr. Koenig continued to treat appellant and her son. Appellant got married on September 28, 2003, and gave birth to her third child, a daughter, on February 20, 2004. Dr. Koenig assisted in the birth of this child. At this time, neither appellant's husband nor first-born child knew that appellant had given up the second child for adoption.

On March 27, 2006, appellant was contacted by Greg Whitsett, who, along with his wife Donna, had adopted appellant's daughter, named Rainy, in 1988. Appellant learned that, sometime in 1997, Dr. Koenig had released appellant's medical records, family history, and other identifying information, including her married name, address, date of birth, and social security number to Mr. Whitsett. The information released included medical records available at the time of Rainy's birth as well as information regarding appellant's and her son's care through 2006. Mr. Whitsett instructed appellant to tell Rainy that she did not want a relationship with her. When appellant hesitated to follow Mr. Whitsett's instructions, Mr. Whitsett threatened to reveal the facts of the adoption to appellant's husband and son. Thereafter, appellant told her husband and son the facts of the adoption.

Appellant filed a complaint against Dr. Koenig and Albert S. Koenig III, P.A., d/b/a Family Medical Center (hereinafter sometimes referred to together as "Dr. Koenig") on September 25, 2006, alleging invasion of privacy, public disclosure of private facts, negligence, and breach of fiduciary duty. Dr. Koenig moved to dismiss on the grounds that appellant's claims were barred by the three-year statute of limitations. Appellant responded, asserting that the statute of limitations was tolled because Dr. Koenig's failure to reveal his wrongful disclosure and the manner in which this disclosure was made amounted to fraudulent concealment. She

argued that the statute was tolled until she discovered that Dr. Koenig had revealed this confidential information to Mr. Whitsett without her permission. The court granted the motion and entered an order dismissing the case for failure to file the complaint within the applicable statute of limitations. The court stated in a letter that appellant's complaint did not set out allegations of fraud or facts that would support an allegation of fraudulent conduct on the part of the defendants.

■ Appellant's first point on appeal is that the circuit court erred in holding that she was required to plead fraud with particularity under Ark. R. Civ. P. 9(b). She argues that the doctrine of fraudulent concealment is not a cause of action but merely a response to the affirmative defense of statute of limitations. She asserts that, as a general rule, plaintiffs have no duty to anticipate affirmative defenses. While appellant is correct as a general matter and appellant was not required to allege fraud or fraudulent concealment in her complaint, Arkansas law does require appellant's complaint to contain facts sufficient to support the application of fraudulent concealment to toll the statute of limitations. *See Jones v. Central Ark. Radiation Therapy Inst., Inc.*, 270 Ark. 988, 607 S.W.2d 334 (1980); *see also Federal Deposit Ins. Corp. v. Deloitte & Touche*, 834 F. Supp. 1129 (E.D. Ark. 1992).

For her second point on appeal, appellant contends that she did plead facts sufficient to support the application of fraudulent concealment and that the statute of limitations was tolled in this case. The parties agree that the statute of limitations for appellant's causes of action is three years. *See O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997) (noting the longstanding Arkansas caselaw that a three-year statute of limitations applies to all tort actions not otherwise limited by law). The statute of limitations generally begins to run when the allegedly wrongful acts occurred — in this case, in 1997 when Dr. Koenig allegedly informed Mr. Whitsett about appellant's identity and medical history. *Courtney v. First Nat'l Bank*, 300 Ark. 498, 501, 780 S.W.2d 536, 538 (1989). However, fraud suspends the running of the statute of limitations until the party having the cause of action discovers the fraud, or should have discovered it by the exercise of reasonable diligence. *Delanno, Inc. v. Peace*, 366 Ark. 542, 545, 237 S.W.3d 81, 84 (2006). In order to toll the statute of limitations, the fraud perpetrated must be concealed. *Id.* The general rule of fraudulent concealment requires "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's

cause of action concealed, or perpetrated in a way that conceals itself." *Id.* (quoting *Sheton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557, 562 (2000)).

However, in some situations, the law imposes upon a party a duty to speak rather than to remain silent in respect of certain facts within his knowledge, and the failure to speak is the *equivalent of fraudulent concealment* and amounts to fraud just as much as an affirmative falsehood. *Camp v. First Fed. Savings & Loan*, 12 Ark. App. 150, 154, 671 S.W.2d 213, 215 (1984); *see also Tech. Partners, Inc. v. Regions Bank*, 97 Ark. App. 229, 245 S.W.3d 687 (2006). The Arkansas Supreme Court has held that this rule is applicable under "special circumstances . . . such as a confidential relationship." *Berkeley Pump Co. v. Reed-Joseph Land Co.*, 279 Ark. 384, 397, 653 S.W.2d 128, 134 (1983). It is this theory of fraudulent concealment that appellant argues applies in this case.

Appellant contends that her complaint alleges that she and Dr. Koenig had a special, confidential relationship; that Dr. Koenig wrongfully disclosed her medical records, her son's medical records, and her personal, identifying information to the adoptive parents in 1997; and that he had a duty to tell her that he had disclosed this information. She argues that Dr. Koenig's failure to speak is the equivalent of fraudulent concealment and tolled the statute of limitations until March 27, 2006, when Mr. Whitsett contacted her.

The question before us is whether a duty to speak arose in this case. A duty to speak arises only when under "special circumstances . . . where there is a confidential relationship." *Id.* Whether a duty to speak exists is determinable "by reference to all the circumstances of the case, and by comparing the facts not disclosed with the object and end sought by the contracting parties. The difficulty is not so much in stating the general principles of law, which are fairly well understood, as in applying the law to particular groups of facts." *Camp*, 12 Ark. App. at 155, 671 S.W.2d at 216.

In *Camp*, the appellant purchased a newly constructed house from a builder who had borrowed construction money from First Federal Savings and Loan. Unbeknownst to the appellant, the house was in a flood plain. The appellant argued that First Federal owed her a duty to disclose that the property she was purchasing was in a flood area. The bank argued that it had no confidential relationship with the appellant because it had merely loaned

construction money to the builder. We reversed the directed verdict on behalf of the bank and held that a jury should have had the opportunity to consider whether a confidential or other similar relationship existed between appellant and First Federal, thereby imposing upon First Federal a duty to speak.

In *Howard v. Northwest Arkansas Surgical Clinic, P.A.*, 324 Ark. 375, 921 S.W.2d 596 (1996), the supreme court reversed a summary judgment in a medical-malpractice case in which a needle was left by the defendant doctor in the plaintiff's breast during a biopsy, holding that there was a genuine issue of material fact as to whether the presence of the needle was fraudulently concealed from her and thus the statute of limitations tolled. The court noted that "[w]e have a defendant who had an obvious professional, positive duty to speak if he knew he had negligently left a foreign object in his patient, we have evidence that he was informed that the foreign object remained in the patient, and we have a plaintiff who could not, if the facts were as stated, have detected the fraud." 324 Ark. at 383, 596 S.W.2d at 600.

In *Roberts v. Francis*, 128 F.3d 647 (8th Cir. 1997), the court held that the statute of limitations was tolled where the doctor did not disclose to the plaintiff that, during bladder-removal surgery, he had also removed her only remaining ovary even though the plaintiff was not informed, either before or after the surgery, that removal of her ovary might be necessary. The court recognized that, under Arkansas law, a party may have an obligation to speak rather than remain silent, when a failure to speak is the equivalent of fraudulent concealment. The court noted the special nature of the doctor-patient relationship and held that the doctor was under a duty to inform the plaintiff that he removed her ovary, reasoning that "where the physician maintains primary control over the relevant information and the plaintiff is unaware of the alleged wrong, the physician has an affirmative duty of disclosure." *Id.* at 650.

In this case, viewing the facts asserted in the complaint in the light most favorable to appellant, Dr. Koenig was appellant's primary-care physician when she got pregnant with Rainy; he was also the primary-care provider for her one-year-old son; he provided prenatal care during appellant's pregnancy; he advised her to give the child up for adoption; and he arranged for an anonymous adoption after Rainy's birth. Moreover, Dr. Koenig continued to provide medical care for appellant and her son for over fifteen years after the adoption. In reviewing these allega-

tions, we recognize that the issue of fraudulent concealment is normally a question of fact that is not suited for dismissal by summary judgment or, as here, by a motion to dismiss. *See, e.g., Tech. Partners, Inc.*, 97 Ark. App. at 237, 245 S.W.3d at 694. Our review of these allegations and the relevant law convinces us that appellant has alleged facts sufficient to support the application of fraudulent concealment. Therefore, the circuit court erred in granting the motion to dismiss in favor of Dr. Koenig.

Reversed and remanded.

GLOVER and VAUGHT, JJ., agree.