Cite as 2022 Ark. App. 75

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CV-20-702

|  |  |
|---|---|
| BOBBI BENNETT PATTERSON<br><br>APPELLANT<br><br>V.<br><br>KEITH BENNETT AND DEBORAH BENNETT<br><br>APPELLEES | Opinion Delivered February 16, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION<br>[NO. 60CV-19-3064]<br><br>HONORABLE ALICE S. GRAY, JUDGE<br><br>REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Bobbi Bennett Patterson appeals a Pulaski County Circuit Court order dismissing with prejudice her claims against Deborah and Keith Bennett for failing to state a claim upon which relief could be granted and on statute-of-limitations grounds. We reverse and remand for further proceedings.

For purposes of this opinion, we set out a brief history and background of the parties pertinent to this appeal. Appellant Bobbi Patterson and appellee Keith Bennett are siblings. Their parents are Donna and Bob Bennett. Appellee Deborah Bennett is married to Keith. The dispute between the parties involves the disposition of property previously owned by Donna.

Donna and Bob separated in 1992. When they separated, Donna moved in with Bobbi. Bobbi helped her mother financially during this time as Donna and Bob had filed for bankruptcy.

In 1994, Donna and Bob obtained a divorce from bed and board. Bobbi acted as a witness in those proceedings. Donna and Bob entered into a property-settlement agreement, indicating that their interest in certain real property was to be sold and the proceeds used to pay their marital debts. They further agreed to cooperate with their daughter-in-law, Deborah, a certified public accountant, to prepare the tax returns for their "bankrupt estate."

In March 1998, Donna moved to Hot Springs to live with Keith and Deborah. Several months later, Donna and Bob finalized their divorce. The final decree incorporated the parties' property-settlement agreement from the 1994 divorce from bed and board.

In January 1999, Donna moved in with her mother, Marion. In April 2000, while Donna was living with Marion, Donna and Bob issued a quitclaim deed to Keith, assigning their interests in specifically described real estate to him. The deed was recorded on April 4, 2001. Four months later, Donna died. No estate was ever opened. Bob died in 2004.

In 2018, Grandmother Marion died. In the months before she died, Marion gave Bobbi several boxes containing Donna's personal papers and effects. On May 8, 2018, as Bobbi was going through those boxes, she found a letter dated October 6, 2000. The letter was in Donna's handwriting and was addressed to her and Keith. The letter itemized Donna's real and personal property and expressed her desire that her property be split equally between Bobbi and Keith. Upon finding the letter, Bobbi contacted Keith and

claimed that she was unaware of the property described in the letter. He responded that some of the real estate had been sold; that only one piece of real property remained; and that Bobbi had received everything to which she was entitled.

In May 2019, Bobbi filed suit against Keith and Deborah, asserting constructive trust, fraudulent concealment, and conversion as causes of action. She alleged that all causes of action arose from the appellees' working together in concert to convert and fraudulently conceal her rightful share of the estates of Donna and Bob in breach of a fiduciary duty. She attached a copy of her mother's handwritten letter as an exhibit to the complaint.

Keith and Deborah responded by filing a motion to dismiss, asserting that Bobbi's claims were time-barred by the statute of limitations and that her complaint failed to allege facts supporting the existence of a fiduciary duty. Bobbi filed a response denying the arguments presented in the motion to dismiss and attached the following exhibits: text messages between Keith and Bobbi; the April 4, 2001 quitclaim deed from Bob and Donna to Keith; canceled checks, records, and other documents related to Bob's and Donna's estates; letters from Keith and his attorney related to the disposition of the property; and an itemized accounting of the disbursement of the disputed property prepared by Keith. In his reply, Keith objected to the court's consideration of the documents as improper on a motion to dismiss.

In August 2019, Bobbi amended her complaint to address the arguments of Keith and Deborah in their motion to dismiss. She again asserted breach of fiduciary duties; the creation of a constructive trust; conversion; and fraud, constructive fraud, and fraudulent

concealment. She attached multiple exhibits to her complaint. She attached Donna's October 2000 handwritten letter and asserted, in part, that her mother's handwritten letter was in the nature of a holographic will and that Keith owed her a fiduciary duty by virtue as the "personal representative of Donna Bennett's estate." Other attachments included (1) Bob and Donna's December 1994 decree of divorce from bed and board; (2) Bob and Donna's May 1998 final decree of divorce; (3) the April 2001 quitclaim deed from Bob and Donna to Keith; (4) an email from Bobbi to Keith forwarding the October 2000 letter; (5) text messages between Bobbi and Keith regarding her inquiry into the division of Donna's assets; (6) an email from Bobbi to Keith requesting information on the division of Donna's assets; (7) text messages between Bobbi and Keith regarding the disposition of Donna's assets; (8) a letter from Bobbi's attorney requesting documentation of the disposition; (9) Keith's response to the letter from Bobbi's attorney; and (10) a letter from Keith's attorney responding to her requests for additional documentation.

In her amended complaint, Bobbi averred that a confidential relationship existed between her and Keith due to their nonestranged familial relationship; that Keith and Deborah had acted so as to gain control of Donna's investment accounts and real property without Bobbi's knowledge; and that the documents Keith and Deborah provided indicating Bobbi had received funds from the estate contained her forged signature.

Keith and Deborah again filed a motion asserting that Bobbi's claims were time-barred by the statute of limitations and that her complaint failed to allege facts supporting the existence of a fiduciary duty. In their brief in support of the motion to dismiss, Keith

4

and Deborah specifically referenced the exhibits attached to the amended complaint and included their own additional exhibits—real estate documents for property owned by Donna and purportedly signed by Bobbi.

Bobbi filed a response to the motion to dismiss, attaching additional documents: an email to her ex-husband asking if he had received any money from the estate; portions of Keith and Deborah's prior tax returns showing income from the disputed property; and another copy of Bob and Donna's final divorce decree. Keith and Deborah replied to Bobbi's response requesting that the court disregard the new allegations and exhibits attached to her response. They made no argument that the court could not consider the exhibits attached to their response or the exhibits attached to the first amended complaint.

After a hearing on the motion to dismiss, the court entered an order dismissing Bobbi's complaint with prejudice. The court found that the October 2000 handwritten letter from Donna was not a holographic will because it was not signed by Donna and that Bobbi had failed to petition the court to open probate proceedings within five years of Donna's death. Concerning fraudulent concealment, the court found that the complaint failed to allege facts sufficient to toll the statute of limitations and that the amended complaint was thus barred. Finally, the court found that Bobbi had failed to allege facts sufficient to support the existence of a fiduciary duty and thus held that no fiduciary duty was owed to Bobbi by Keith or Deborah as a matter of law. Bobbi appeals the court's ruling.

On appeal, Bobbi argues that the trial court erred in granting the motion to dismiss. Keith and Deborah argue that there is no error. As a preliminary matter, while the parties

treat this as an appeal from an order granting a motion to dismiss, we must treat this an appeal from the grant of a summary judgement.

Keith and Deborah requested dismissal of the complaint pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, contending that the complaint failed to state facts upon which could be granted. Rule 12(b)(8) of the Arkansas Rules of Civil Procedure states,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Here, Bobbi attached to her amended complaint multiple exhibits including copies of letters, emails, text messages, and other supporting documents—items that do not qualify as written instruments pursuant to Arkansas Rule of Civil Procedure 10.[1] *See Morgan v. Turner*, 2010 Ark. 245, 368 S.W.3d 888; *Barrows/Thompson, LLC v. HB Ven II, LP*, 2020 Ark. App. 208, 599 S.W.3d 637. Keith and Deborah did not object to the court's consideration of these extraneous exhibits, and, in fact, both parties referenced these exhibits in their briefing and in support of their arguments at the hearing on the motion to dismiss. Because the trial court did not expressly exclude these exhibits in its order, we conclude that the motion to dismiss was converted to one for summary judgment. *See Barrows*, *supra.*

---

[1]Rule 10(c) of the Arkansas Rules of Civil Procedure provides that a copy of a written instrument that is an exhibit to a pleading is a part thereof for all purposes.

Our summary-judgment standard is well settled. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated. *Greenlee v. J.B. Hunt Transp. Servs.*, 2009 Ark. 506, 342 S.W.3d 274. On appellate review, this court determines if summary judgment was appropriate by deciding whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings but also on the affidavits and other documents filed by the parties. *Id.* As to issues of law presented, our review is de novo. *State v. Cassell*, 2013 Ark. 221, 427 S.W.3d 663. Remaining mindful of our standard of review, we now consider whether the circuit court erred in dismissing Bobbi's amended complaint or whether summary judgment was appropriate.

In the amended complaint, Bobbi alleged the following causes of action: breach of fiduciary duties; the creation of a constructive trust; conversion; and fraud, constructive fraud, and fraudulent concealment. Bobbi alleged that Donna's estate consisted of both real and personal property and that Donna intended for both Bobbi and Keith to share in an equal division of this estate. In support of her claims, Bobbi attached a handwritten letter from her mother as evidence of Donna's intentions. She also attached an accounting prepared by Keith that seemingly acknowledges that Bobbi was entitled to a share of the items described in the handwritten letter. She alleged that, despite Donna's intent and

7

Keith's acknowledgment of Bobbi's entitlement, Keith took full ownership and control over Donna's property, both real and personal.

Our task on review is to determine whether the evidentiary items presented by the moving party (Keith and Deborah) leave a material fact unanswered. The trial court was presented with evidence that Donna intended for her estate to be divided equally between Bobbi and Keith. The court received evidence of an accounting from Keith purporting to reflect the fulfillment of his obligations to Bobbi. Bobbi denies receiving the items or any of the compensation stated therein and alleges that the documentation supporting the accounting was either fraudulent or the result of forgery.

In light of the foregoing, we hold that there are genuine issues of material fact sufficient to defeat summary judgment. Questions of fact exist as to whether Bobbi was entitled to a portion of Donna's "estate" and to whether disbursements were made and received. Thus, summary judgment is not appropriate at this time.

Bobbie also argues that the trial court erred in finding that the statute of limitations barred her claims. She argues that the appropriate statute of limitations is set forth in Arkansas Code Annotated section 28-73-1005 (Repl. 2012) and that the statute only began to run when Keith first provided her with an accounting. We reject this argument. The Uniform Trust Code applies only to express trusts, not to resulting and constructive trusts. *See* Ark. Code Ann. § 28-73-102 editor's notes, unif. law cmt. (West, current through Aug. 8, 2021). Below, the circuit court was not presented with any evidence of an express trust.

We do, however, agree that the trial court erred concerning the statute of limitations. Bobbi pled fraudulent concealment and asserted that Keith and Deborah took control of Donna's assets, diverted the information related to such assets to their sole control, and made fraudulent distributions in an effort to hide their actions and prevent her from discovering them. We note that fraudulent concealment is normally a question of fact not suited for dismissal by summary judgment. *Floyd v. Koenig*, 101 Ark. App. 230, 274 S.W.3d 339 (2008). Additionally, Keith, in his accounting, reported several canceled checks in Bobbi's name and introduced several real estate documents containing her alleged signature. Bobbi denied endorsing the checks or signing the documents. Viewing this evidence in the light most favorable to the party against whom the motion was filed and resolving all doubts and inferences against the moving party, we hold that there remains a genuine issue of material fact to be determined.

Reversed and remanded.

HIXSON and MURPHY, JJ., agree.

*Niswanger Law Firm PLC*, by: *Stephen B. Niswanger*, for appellant.

*Lax, Vaughan, Fortson, Rowe & Threet, P.A.*, by: *Grant E. Fortson* and *Ralph D. Scott III*, for appellees.