UNITED MUTUAL LIFE INSURANCE CO. *v.* BRANSFORD.

4-3814

Opinion delivered April 8, 1935.

*O. A. Featherston*, for appellant.

*P. L. Smith*, for appellee.

JOHNSON, C. J. Appellant insurance company is the successor to a mutual benefit association, known as the Knights of Pythias.

In June, 1907, General L. Gideon made written application to the benefit association for a policy of life insurance in the sum of $1,000. The policy was duly issued as requested, and Tom James Gideon (now Bransford), appellee here, was designated as beneficiary. Among other provisions the policy provided:

"The benefit certificate is issued and accepted by the parties in interest subject to all the provisions and conditions contained and referred to in the foregoing, and to the conditions, provisions and benefits contained on the second and third pages hereof, which are hereby made a part of this certificate; and all of the conditions and provisions of the contract between the member and the society are to be deemed to be assented to and accepted without the necessity for the member's signature being affixed thereto."

On page 2 of the policy is the following provision:

"Proofs of death satisfactory to the board of control shall be furnished to it free of expense within one year from the date of death of the member and no action at law shall be maintained unless suit is commenced within two years from the death of the member."

The insured died on December 14, 1928, and this suit was instituted by the named beneficiary on July 30, 1934, against appellant to recover the benefits designated in said policy. At the close of the testimony in said cause, appellant requested the court to direct a verdict in its behalf, but this request was refused, and thereafter the jury returned a verdict in favor of appellee, and this appeal follows.

The undisputed testimony reflects that the insured died on December 14, 1928, and that no proof of his death was furnished to appellant within one year; also that no suit was instituted by the beneficiary upon the policy until this one was filed on July 30, 1934.

It is a rule of universal application in the law of insurance that a cause of action arises in favor of the designated beneficiary in a policy of insurance against the insurer upon the death of the insured unless by the terms of the contract the accrual of such cause of action is delayed or some local statute fixes a different time (see

7 Couch, Insurance Law, § 1630), and but for the contractual limitations heretofore quoted this cause of action would have accrued upon the death of the insured.

We are definitely committed to the doctrine that in policies of life insurance issued by fraternal benefit associations to their members the time may be limited by the terms of the contract in which suits may be instituted. In the very recent case of *Grand Lodge of the Brotherhood of Railroad Trainmen* v. *Cothran, ante* p. 234, we expressly held that a provision in a fraternal benefit association policy limiting the time of bringing suit thereon to a period of six months was a valid condition of said contract, and that a suit instituted after the lapse of six months could not be maintained. In the case referred to we followed the previous rule announced by this court in *Phillips* v. *Mosaic Templars,* 154 Ark. 173, 241 S. W. 869. No pertinent facts or circumstances appear in this record which would tend to differentiate it from the cases just cited. It is true that appellee undertook to excuse the long delay in filing this suit by stating that the original policy had been lost, mislaid or destroyed. She admits, however, that she transmitted a premium to the insurer in behalf of her father, the insured, several years prior to his death. She also admits that she knew the policy was in existence at that time. She likewise admits writing to the insurer in reference to this policy immediately after her father's death.

To excuse a delay of almost six years in filing suit upon a contract which contains the limitations heretofore quoted, it devolves upon appellee to show by testimony that appellant deceived her in some manner or induced her to postpone the filing of the action, or that she was led to believe by the actions or conduct of appellant that it would not avail itself of the limitations. *Goldsmith* v. *First National Bank of Ashdown,* 169 Ark. 1162, 278 S. W. 22. There is no testimony showing or tending to show that appellant said or did anything, when measured by the rule just quoted, that would estop it in pleading the limitations contained in the contract.

Moreover, possession of the original policy or a copy thereof was not imperative or even necessary for the fil-

ing of a suit by appellee, and the withholding of information in reference thereto by appellant would not excuse her delay. Section 1034, Crawford & Moses' Digest.

By long delay without lawful excuse therefor, appellee is barred by the limitations of the policy of insurance from prosecuting this suit, and the trial court erred in refusing to direct a verdict in favor of appellant for this reason.

· The judgment is reversed, and the cause of action is dismissed.