SLADE *v.* HORN.

4-7537                                          185 S. W. 2d 924

Opinion delivered February 19, 1945.

*Bernard P. Whetstone, Jr.,* for appellant.

GRIFFIN SMITH, Chief Justice. L. M. Slade sold groceries to D. D. Horn on open account and sued for a balance of $106.29. Municipal Court sustained the defendant's demurrer which alleged that the complaint affirmatively showed that the last transaction between the parties occurred in June 1939, when payment of $40 was made; hence the plea of limitation was upheld. The plaintiff, to excuse delay in filing his suit, alleged that Horn was an absconding debtor. Pope's Digest, § 8952. This issue was decided in favor of the defendant.

On appeal to Circuit Court the complaint was amended, as shown in the footnote.[1]

The Court found as a matter of law that the account was barred, but permitted evidence to be introduced in respect of the contention that Horn had fraudulently prevented service of summons. At the conclusion of a hearing on this issue the jury was directed to return a verdict for the defendant.

There was no substantial evidence to sustain the charge that the defendant was an absconding debtor. At the time he was sought suit had not been filed, although an agent of the creditor testified that his efforts to find

---

[1] The amendment was: "During the period between the time of the accrual of this cause of action and the date of the filing suit, the defendant expressly agreed orally with the plaintiff that he would waive the statute of limitations and that he would not plead such statute if suit was ever brought against him by the plaintiff and this promise was made to plaintiff in consideration of plaintiff's forbearance to sue at the time and plaintiff relied on this expressed promise of the defendant."

Horn were unavailing. It is clearly shown, however, that his home remained in Union County and that his wife was seen at the family residence on several occasions. In the circumstances of this case a summons left with Mrs. Horn would have been effective. See third subdivision of § 1360, Pope's Digest.

Appellant's amended plea was insufficient. Although a promise not to plead limitation in consideration of the creditor's agreement not to sue within a designated period may cut off rights in that respect, the agreement must be made before the plea becomes available, else there is no consideration for the promise. The rule is founded upon the principle that one may not, by his fraudulent conduct, deprive another of a substantial right, then profit by the deceit. *Baker-Matthews Mfg. Co.* v. *Grayling Lumber Co.*, 134 Ark. 351, 203 S. W. 1021. See *Goldsmith* v. *First National Bank of Ashdown*, 169 Ark. 1162, 278 S. W. 22; *United Mutual Life Insurance Co.* v. *Bransford*, 190 Ark. 783, 81 S. W. 2d 17; *Missouri Pacific Railroad Co.* v. *Davis*, 186 Ark. 401, 53 S. W. 2d 851.

The amendment alleges that "During the period between the time of the accrual of this cause of action and the date of the filing suit," the defendant orally agreed he would waive the statute of limitation. It is not shown when the account accrued. In the absence of special circumstances limitation was available as a plea three years after the $40 credit in 1939.

Appellant thinks the Court erred in not permitting him to testify "with reference to the due date of the account." If the testimony offered had established an agreement to postpone maturity of the obligation, and had shown that less than three years lapsed between accrual of the right to sue and the time action was taken, limitation could not have been successfully pleaded. But this is not the effect.

Green, testifying for the plaintiff, was asked whether after June 18, 1939, there were any transactions, credits, "or anything else" affecting the account, and his answer was, "Not after that time, no, sir." The plaintiff then

inquired regarding any agreement as to the due date and the defendant's objection was sustained. Answer the witness would have made was read into the record, as follows:

"There was no specific agreement as to the due date of this account, but based on the custom and practice of the plaintiff with this and other customers, [we] didn't expect payment anywhere from 6 months to a year, or more, from the date of the last transaction. [We] would have been satisfied had the account not been paid for a space of a year, or more, from the date of the last transaction."

If it should be held that the evidence ought to have gone to the jury (a matter we do not decide) the result here would not be affected. The testimony does not show an agreement such as appellant, in his brief, insists was made.

It follows that the Court was not in error when it held that the account, *prima facie,* was barred, and that no enforcible agreement not to plead the bar had been proved.

Affirmed.