Grover CLEVELAND and Sybil CLEVELAND *v.*
GRAVEL RIDGE SANITARY SEWER IMPROVEMENT
DISTRICT NO. 213

81-150                                                        625 S.W. 2d 446

Supreme Court of Arkansas
Opinion delivered November 30, 1981

*Gannaway & Darrow,* for appellants.

*Harrod & Vess,* by: *E. H. Harrod;* and *Townsend & Townsend, Ltd.,* by: *Willis Townsend,* for appellee.

GEORGE ROSE SMITH, Justice. The key question on this

appeal is whether the appellants, who own land within the boundaries of the appellee sewer improvement district, are barred by a 30-day period of limitations from recovering damages assertedly caused by the district's construction of three large sewage-treatment ponds in the vicinity of the appellants' land. Ark. Stat. Ann. § 20-706 (Repl. 1968). This appeal is from an order sustaining the district's plea of limitations. Our jurisdiction was invoked under Rule 29 (1) (c).

The district was organized in 1971, but the construction of the sewer system was delayed for several years. In 1975 the district filed this suit to condemn rights of way for roads and sewer lines across the property of the appellants and others. The right-of-way controversy has been settled, but the appellants had filed an answer asking for $96,000 as compensation for the damage caused by the construction of the sewer-treatment facility next to the appellants' land. The district filed a reply to the appellants' answer, asserting that the claim was barred because the district had followed the statutes in 1973 by filing its assessment of benefits and damages, § 20-705, that net benefits had been assessed against the appellants' land, that the assessment of benefits was confirmed after the required two-weeks notice of a hearing had been published, § 20-706, and that the appellants had permitted the assessment to become final by failing to file suit in chancery court within the 30 days allowed by § 20-706. After a hearing on the issue of limitations only the trial court sustained the plea and dismissed the appellants' claim.

We must sustain the appellants' insistence that the district's proof to sustain its plea of limitations was deficient. Unquestionably the burden of proof rested on the district. *McCrite* v. *Hendrix College,* 198 Ark. 1149, 133 S.W. 2d 31 (1939). At the hearing its witnesses testified in generalities about a public hearing apparently required by the Environmental Protection Agency, but there was a total want of proof about the district's assessment of benefits and the appellants' alleged failure to file a timely challenge. The hearing was held in 1978, but the court's order of dismissal was not entered until October, 1980. In July, 1981, the trial

court denied the district's motion to supplement the record, finding that certain proffered documents had not been made part of the record. In view of the trial court's ruling, which is fully supported by the record, we denied a similar motion to supplement the record. Hence the proof is fatally deficient.

There is no merit in the district's suggestion that the appellants, after having filed what amounted to a counter-claim in the trial court, admitted the allegations in the district's reply by failing to file a response to that pleading. Such a formal denial was not required either under our earlier practice or under the later Rules of Civil Procedure. See *Lay* v. *Gaines*, 130 Ark. 167, 196 S.W. 2d 919 (1917); A. R. Civ. P., Rule 7 (a) and Reporter's Note 3 thereto.

The judgment is reversed, and the issue of limitations having been disposed of, the cause is remanded for further proceedings.