FIRST PYRAMID LIFE INSURANCE COMPANY OF
AMERICA *v.* J. Micheal STOLTZ, as Special
Administrator of the Estate of J.P. Stoltz, Deceased

92-4                                                    843 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered December 21, 1992
[Rehearing denied February 22, 1993.*]

*Dudley, J., not participating.

314

*Williams & Anderson*, by: *Peter G. Kumpe* and *John E. Tull III*, for appellant.

*Davidson Law Firm*, by: *Charles Phillip Boyd, Jr.*, and *Brandon L. Clark*, for appellee.

JACK HOLT, JR., Chief Justice. The focus in this appeal is whether fraudulent concealment was proven by the Estate of J.P. Stoltz ("Estate") in order to toll the statute of limitations on its claim against the appellant, First Pyramid Life Insurance. We hold that the limitations period was not tolled. Thus, we reverse the finding of the trial court.

The facts leading up to this controversy are as follows. In

1975, J.P. Stoltz applied for life insurance with the appellant, First Pyramid Life Insurance ("First Pyramid"). Since Mr. Stoltz had health problems, he was heavily rated for insurance. First Pyramid felt he was a good candidate for a policy called a Flex 79 Trust. The advantage of this kind of policy is that it allows employers to provide employees with life insurance while making the premiums tax deductible. Through this, Stoltz could have his company, Polyvend, Inc., provide him with life insurance virtually tax free. In order to receive these tax benefits, however, the *owner* of the policy had to be someone other than the insured. Another problem was that at the time of Mr. Stoltz's application, Arkansas had a $50,000 statutory ceiling on the maximum life insurance that could be purchased by an employer for an employee.

To overcome this ceiling, First Pyramid arranged for the Trust to be based in Oklahoma. In this manner, Stoltz could purchase two policies totalling $2 million — one $1,950,000 policy and one $50,000 policy. Flex 79 was made the owner of the policies. The insurance application, completed by Stoltz on December 18, 1975, designated Stoltz as the insured, Flex 79 Trustee as the owners and Mr. Stoltz's estate as the beneficiaries.

In March 1976 Mr. Stoltz sought to change the beneficiary and ownership. In the required change of beneficiary forms, he named his son, James Stephen Stoltz ("Steve"), as beneficiary of both policies and owner of the larger policy. A First Pyramid employee, Elizabeth Oswald, accepted these forms. Yet, these forms were never signed by the policies' owner of record, the Flex 79 Trustee. Ms. Oswald's supervisor, Ron Mason, sent a memo in August 1976 advising Mr. Stoltz's insurance agent that the attempted policy modifications were ineffective without the Trustee's signature and that the policy should be returned to have the invalid forms removed. It is not disputed that Mr. Stoltz did nothing further after August 1976 to change the beneficiary from the estate to his son and that on his balance sheet dated October 5, 1977 (two months prior to his death), he listed the $2 million insurance as an asset and indicated that his estate was the beneficiary. Mr. Stoltz's signature is on this balance sheet.

Mr. Stoltz died on December 18, 1977. Only his son, Steve, claimed the policy proceeds. Prior to paying the claim, First

Pyramid consulted their attorney, Allan Horne. Mr. Horne concluded in a memorandum (the "Horne memorandum") that Steve Stoltz was the legal beneficiary but recommended that the proceeds be interpleaded because of uncertainties in file documentation, including the lack of the Oklahoma trustee's signature on the change of beneficiary form completed by Mr. Stoltz. At an executive meeting with First Pyramid approximately a week later, Mr. Horne concurred that paying the son without interpleader was "the best course." First Pyramid paid Steve Stoltz the entire proceeds of the policies within twenty-one days of his father's death.

Subsequently, there was a dispute with the Internal Revenue Service regarding whether the face value of the policies paid to Steve Stoltz was includable in the decedent's estate. This dispute arose because of a tax provision that dictates that if a gift is made within three years of a decedent's death, the policy is presumed to be in contemplation of death. That gift is put back into the estate for estate tax purposes. The Estate through its attorneys, Friday, Eldredge and Clark, attempted to rebut this presumption. According to Mr. Saxton, the Friday firm attorney who handled the challenge, the procedure for challenging this is to include the policy proceeds in the taxable estate and then pay the tax and file a claim for a refund.

In pursuing this refund, Mr. Saxton requested and received First Pyramid Life's file on the insurance policies at issue. In a June 27, 1983, letter to Steve Stoltz, administrator of the Stoltz estate and recipient of the insurance policy proceeds, Mr. Saxton alluded to the question of change of beneficiary raised by First Pyramid in 1977 and the Horne memorandum concerning change of beneficiary.

Eleven years after J.P. Stoltz's death, representatives of the Estate brought this action against First Pyramid for negligence, breach of contract, bad faith as well as fraudulent concealment of the proper beneficiaries of the policies.

At trial, a jury found for the plaintiff's and awarded the estate $2 million in compensatory damages and $1 million in punitive damages. The court also assessed attorney's fees for $666,666.67. The court refused to award the twelve percent statutory penalty for unpaid insurance claims.

## STATUTE OF LIMITATIONS

First Pyramid Life contends that because the action is barred by the statute of limitations, the trial court erred in denying their motion for judgment notwithstanding the verdict. As we find no evidence of fraudulent concealment on the part of First Pyramid which would toll the statute of limitations, it necessarily follows that the action is barred, and the judgment must be reversed.

Representatives of J.P. Stoltz's estate did not bring this action until April 20, 1989, more than eleven years after the payment of the insurance proceeds to Steve Stoltz and J.P. Stoltz's death.

■■ The statute of limitations on actions to recover on a life insurance policy is five years from the accrual of the cause of action. Ark. Code Ann. § 23-79-202 (1992); 16-56-111 (1987). The limitations period on torts actions is three years. Ark. Code Ann. § 16-56-105 (1987). This court has held that the action accrues upon the death of the insured:

> It is a rule of universal application in the law of insurance that a cause of action arises in favor of the designated beneficiary in a policy of insurance against the insurer upon the death of the insured unless by the terms of the contract the accrual of such cause of action is delayed or some local statute fixes a different time.

*United Mutual Life Ins. Co.* v. *Bransford*, 190 Ark. 783, 81 S.W.2d 17 (1935). *See also* 20A John Alan Appleman, *Insurance Law and Practice* § 11585 (1980).

Representatives of the estate contend that the statute of limitations on this action was tolled by First Pyramid's allegedly fraudulent concealment of the controversy. In response, First Pyramid denies concealment and asserts that the estate knew or should have known of the change in beneficiaries on the policies.

■ When the running of the limitations period is raised as a defense, the defendant has the burden of affirmatively pleading this defense. However, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponder-

ance of the evidence that the statute of limitations was in fact tolled. *Cleveland* v. *Gravel Ridge Sanitary Sewer Imp. Dist. No. 213,* 274 Ark. 330, 625 S.W.2d 446 (1981); *Rasmussen* v. *Reid,* 255 Ark. 1064, 505 S.W.2d 222 (1974); *Alston* v. *Bitely,* 252 Ark. 79, 477 S.W.2d 446 (1972).

During the preliminary phases of the lawsuit below, the trial court made the following findings of fact and conclusions of law:

> The cause [of] action here asserted against the First Pyramid Life Insurance Company is the estate lost the insurance benefits by reason of the Statute of Limitations and the Company was liable in tort, a bad faith action, on the event of the payment of the proceeds.
>
> To avoid the loss of those causes of action, the plaintiff must prove either the defendant insurance company by its overt acts caused the legal right to be hidden and thereby becomes time barred; or there existed a specific legal relationship between the parties that in and of itself obligated an overt discloser [sic] of the existence of those claims. An insurer/beneficiary relationship does not seem to create that legal obligation; however on the claim of a factual cover-up, the plaintiff should have its day in Court.

(Emphasis added.)

We agree with this analysis of the issues; however, we hold that the trial court should have granted First Pyramid's motion for a judgment notwithstanding the verdict because the action was barred by the statute of limitations.

■■ There is simply no evidence of record that First Pyramid attempted to fraudulently conceal, "cover-up," or misrepresent to the estate the problem with determining the proper beneficiary of J.P. Stoltz's insurance policy. Even if there was evidence of fraud on the part of First Pyramid, and there is none, the statute of limitations would still have run on this claim. "Fraud does suspend the running of the statute of limitations, and the suspension remained in effect until the party having the cause of the action discovers the fraud *or should have discovered it by the exercise of reasonable diligence.*" (Emphasis in original; citations omitted.) *Talbot* v. *Jansen,* 294 Ark. 537, 744 S.W.2d 723 (1988). *See also Walters* v. *Lewis,* 276 Ark. 286, 634 S.W.2d

129 (1982); *Carter* v. *Zachary*, 243 Ark. 104, 418 S.W.2d 787 (1967); *Williams* v. *Purdy*, 223 Ark. 275, 265 S.W.2d 534 (1954).

■ We have said that the "classic language on this point in Arkansas" is:

> No mere ignorance on the part of the plaintiff of his rights, nor the mere silence of one who is under no obligation to speak, will prevent the statute bar. There must be some positive act of fraud, something so furtively, planned and secretly executed as to keep the plaintiff's cause of action concealed or perpetrated in a way that it conceals itself. And if the plaintiff, by reasonable diligence, might have detected the fraud he is presumed to have had reasonable knowledge of it.

*Wilson* v. *GECAL*, 311 Ark. 84, 841 S.W.2d 619 (1992) (citations omitted).

■ As early as 1976, twelve years before the filing of this law suit, two of the complaining representatives of the estate, J.P. Stoltz's sister and brother-in-law, Ruth Fields and John R. Smith, were aware that J.P. Stoltz had taken out $2 million in life insurance and named his estate as beneficiary. Further, J.P. Stoltz's signed a 1976 balance sheet listed the $2 million insurance as an asset and named the estate as beneficiary. This balance sheet was made available to the beneficiaries. Armed with this information, the beneficiaries of the estate were on notice that the estate was potentially a beneficiary of the insurance policies and by the exercise of reasonable diligence, the parties could have discovered information relating to the policies and the designated beneficiaries.

There is no evidence that the beneficiaries of the estate ever requested First Pyramid's files; nor is there evidence indicating that First Pyramid tried to hide the potential problem with the insurance policies from the beneficiaries. In 1983 the attorneys who represented both the estate and Steve Stoltz requested access to the insurance company's files. First Pyramid readily turned them over. A like inquiry of First Pyramid would, in all probably, have made all files on J.P. Stoltz available to the beneficiaries as well.

■ The beneficiarys' ignorance of their rights does not prevent the operation of the statute of limitations. The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment. *Atlanta Exploration Inc.* v. *Ethyl Corp.*, 301 Ark. 331, 784 S.W.2d 150 (1990). The acts of concealment or fraud alleged must have been committed by those invoking the benefit of the statute of limitations. *Dupree* v. *Twin City Bank*, 300 Ark. 188, 777 S.W.2d 859 (1989).

■ The estate obviously had notice of the original beneficiary of the policies; the fact that the beneficiaries of the estate failed to act or did not know to act on this knowledge does not toll the statute of limitations. As there was an absence of fraud or concealment on the part of First Pyramid, it was entitled to the benefit of the statute of limitations.

■ On cross-appeal, the appellee, Estate of J.P. Stoltz, complains that the trial court erred in denying the twelve percent statutory penalty provided by Ark. Code Ann. § 23-79-208 (1992) and prejudgment interest. Prejudgment interest is based upon an "improperly disallowed insurance claim." However, since we reverse the trial court's decision to award the proceeds of the policy to the estate, the Estate's argument for a statutory penalty and prejudgment interest has no basis.

Reversed on appeal; affirmed on cross-appeal.

DUDLEY, J., not participating.