2017 Ark. 359

Willie HUTCHERSON, Appellant

v.

Arkansas Attorney General, Leslie RUT-
LEDGE; Arkansas Public Defender
Commission; Pulaski County Chief
Public Defender, William Simpson;
Pulaski County Public Defender, Ste-
ven Abed; Pulaski County Prosecuting
Attorney, Larry Jegley; Pulaski Coun-
ty Prosecuting Attorney, Terry Ball,
Appellees

No. CV–16–758

Supreme Court of Arkansas.

Opinion Delivered December 14, 2017

Willie Hutcherson, pro se appellant.

Leslie Rutledge, Att'y Gen., by: Jennifer L. Merritt, Sr. Ass't Att'y Gen., for appellee.

COURTNEY HUDSON GOODSON, Associate Justice

Appellant, Willie Hutcherson, appeals the dismissal of a pro se civil complaint and amended complaint, which alleged that the appellees, acting under color of state law, had engaged in discrimination in violation of the Arkansas Civil Rights Act of 1993 (ACRA), codified as Arkansas Code Annotated sections 16–123–101 to –108 (Repl. 2016), had also engaged in a civil conspiracy, and committed the tort of outrage. Appellees filed a motion to dismiss the appeal based on, among other things, the fact that the claims were

barred by the statute of limitations.[1] The circuit court granted the motion and dismissed the complaint without prejudice based on the grounds set forth in appellees' motion to dismiss. We review a circuit court's decision on a motion to dismiss a complaint by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Biedenharn v. Thicksten*, 361 Ark. 438, 206 S.W.3d 837 (2005). In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face. *Dunlap v. McCarty*, 284 Ark. 5, 678 S.W.2d 361 (1984). Viewing the facts alleged in Hutcherson's complaint as true, it is clear from the face of the complaint that his claims were barred by the statute of limitations. Therefore, we affirm without reaching the other grounds on which Hutcherson's complaint was dismissed.

In 2000, Hutcherson was found guilty by a jury of four counts of aggravated robbery, three counts of misdemeanor theft of property, and one count of felony theft of property. Hutcherson was sentenced as a habitual offender to an aggregate term of 2880 months' imprisonment. Hutcherson's convictions and sentences were affirmed by the Arkansas Court of Appeals. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001).

In support of the claims set forth in the civil complaint, Hutcherson alleged that the statements of two investigating officers had been disclosed to the defense by the prosecution during discovery;[2] that his original public defender, Steven Abed, had not read those statements until Hutcherson gave him copies of those statements during the course of a pretrial hearing; that Abed disregarded Hutcherson's request to turn the statements over to the trial judge; and that Hutcherson subsequently observed Abed hand over the two statements to the prosecutor, Terry Bell, outside the courtroom. Hutcherson alleged that this conduct showed that Abed and Bell engaged in a civil conspiracy and committed the tort of outrage by covering up the ethical violations committed by Abed and by obtaining a conviction despite apparent flaws in the investigation of the crimes.[3] Although Abed withdrew as Hutcherson's counsel prior to trial, Hutcherson further alleged that prosecutor Bell wrongfully influenced his second public defender such that mistakes were made that led to his conviction and the waiver of issues that should have been preserved on direct appeal. Finally, Hutcherson asserted that the appellees had acted under color of state law when they violated his civil rights and engaged in tortious conduct. For the reasons explained below, Hutcherson's tort claims and civil rights claims are barred by the statute of limitations.

Once a defendant has affirmatively raised a statute-of-limitations defense, and it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden

---

1. Appellees also moved to dismiss the complaint as barred by res judicata, sovereign immunity, qualified immunity, and absolute prosecutorial immunity, and because Hutcherson had failed to state claims against the named defendants and was otherwise barred from collaterally attacking criminal proceedings through a separate civil action.

2. Hutcherson asserted in his complaint that these two statements identified three individuals other than Hutcherson as the perpetrators of two of the robberies.

3. Hutcherson contended that Abed had violated the rules of professional conduct by turning these statements over to the deputy prosecutor and that the prosecutor failed to report the violation and instead used the conduct to influence the public defender's actions in defending the case.

shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 326 Ark. 895, 935 S.W.2d 258 (1996). The statute of limitations begins to run when the injury occurs, not when it is discovered. *Dye v. Diamante*, 2017 Ark. 42, 510 S.W.3d 759. Affirmative actions of concealment of a cause of action will toll the statute of limitations. *Chalmers*, 326 Ark. 895, 935 S.W.2d 258. Ignorance of a right to pursue a cause of action, however, does not prevent the operation of the statute of limitations. *First Pyramid Life Ins. Co. of Am. v. Stoltz*, 311 Ark. 313, 843 S.W.2d 842 (1992). The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment. *Id.* Therefore, to rebut a limitations defense, a plaintiff must describe specific fraudulent acts committed for the purpose of concealing a cause of action. *See id.* (holding that mere allegations of fraud are not enough to create an issue of material fact that would avoid summary judgment on a limitations defense).

 We have traditionally applied a three-year statute of limitations to actions arising under a liability that is imposed by statute. *Douglas v. First Student, Inc.*, 2011 Ark. 463, 385 S.W.3d 225. Moreover, Arkansas Code Annotated section 16–123–105(c) states in pertinent part that, in construing the ACRA, courts must look for guidance to state and federal decisions pertaining to actions filed pursuant to the federal civil rights act, 42 U.S.C. § 1983.

Federal courts have typically applied the three-year statute of limitations to § 1983 actions. *Jones v. Frost*, 770 F.3d 1183 (8th Cir. 2014); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001).[4] It has long been the law in this state that a three-year statute of limitations applies to all tort actions not otherwise limited by law. *O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997). A civil conspiracy is an intentional tort. *Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002). We have held that the tort of outrage is governed by the three-year statute of limitations. *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (1998). Based on the above, all of Hutcherson's claims are subject to the three-year statute of limitations found in Arkansas Code Annotated section 16–56–105(3).

 Treating the facts alleged in the complaint and amended complaint as true, Hutcherson alleged that the actions that gave rise to the claims set forth in his complaint took place in 1999, before and during the timeframe of his trial and conviction. Hutcherson's allegations further demonstrated that he was aware of the alleged discriminatory and tortious conduct at the time it occurred. Hutcherson filed his civil action in 2016—over ten years after the three-year statute of limitations had expired. In view of the above, it is clear from the face of Hutcherson's complaint that his claims were barred by the statute of limitations, and Hutcherson failed to rebut this defense by providing sufficient non-conclusory allegations of

4. The United States Supreme Court held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), *superseded on other grounds by* 28 U.S.C. § 1658(a), *as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). In Arkansas, the statute of limitations for personal-injury claims is three years. Ark. Code Ann. § 16–56–105(3) (Repl. 2005).

fraudulent concealment. *Chalmers*, 326 Ark. 895, 935 S.W.2d 258.

Affirmed.