Cite as 2022 Ark. App. 233

# ARKANSAS COURT OF APPEALS

DIVISION II
№. CV-21-417

| | | |
|---|---|---|
| REBECCA NICHOLS | | **Opinion Delivered** May 18, 2022 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION |
| V. | | |
| JAMES SWINDOLL AND CHUCK GIBSON | | [NO. 60CV-21-1321] |
| | | HONORABLE WENDELL GRIFFEN, |
| | APPELLEES | JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Rebecca Nichols appeals the dismissal of her legal-malpractice lawsuit that she filed against her attorneys, appellees James Swindoll and Chuck Gibson. The circuit court granted the attorneys' motion to dismiss, which asserted that any negligence claim was barred by the applicable three-year statute of limitations and that Nichols failed to adequately plead that the attorneys fraudulently concealed their malpractice. Nichols argues that it was erroneous to dismiss her complaint because her attorneys fraudulently concealed their malpractice from her, which tolled the statute of limitations. We affirm.

Nichols was injured in a tractor-trailer rollover accident in November 2014. The three-year statute of limitations would expire in November 2017 on any tort action concerning that accident. Nichols hired appellees to file a negligence lawsuit, which they

filed in September 2017, but the attorneys did not accomplish service on the proper defendants within 120 days or obtain an extension in which to serve the proper defendants. Thus, the statute of limitations expired on Nichols's negligence lawsuit. Her lawsuit against the potential tortfeasors was dismissed in January 2021.

Nichols identified the alleged legal malpractice as having occurred on January 19, 2018, the date that the attorneys were required to have the defendants served or to have the court grant them an extension to obtain service.[1] Using the date of the alleged malpractice (January 2018), Nichols had until January 2021 to file a legal-malpractice lawsuit against her attorneys. Nichols filed her complaint against her lawyers in February 2021 and filed an amended complaint in April 2021, both of which were beyond the three-year statute of limitations to sue the attorneys for malpractice. Nichols alleged in her complaint that on March 22, 2018, her attorneys realized they had committed malpractice; the attorneys failed in their fiduciary duty to inform her that their malpractice would result in the termination of her negligence lawsuit; and the attorneys did not inform Nichols until March 2020 of any legal mistakes and then revealed only a different legal mistake they had made in 2019.

Swindoll filed a motion to dismiss. He argued that the statute of limitations on the underlying action expired in November 2017 and that Nichols's February 2021 complaint

---

[1]Nichols's amended complaint refers to March 22, 2018, not January 19, 2018, as the date of the legal malpractice. However, in response to the attorneys' motions to dismiss, Nichols stated that January 19, 2018, was the initial act of malpractice. The order dismissing Nichols's complaint referred to the January 2018 date, and in her reply brief, Nichols confirms that January 2018 was the correct date of the legal malpractice.

alleging legal malpractice and her April 2021 amended complaint were filed beyond the three-year statute of limitations. Swindoll also contended that Nichols's allegations of fraudulent concealment were conclusory and without a factual basis. Gibson, pro se, filed a similar motion to dismiss.

Nichols alleged that her attorneys *failed to inform her* that it was their malpractice that caused her negligence lawsuit to be forever barred. Nichols alleged that their wrongful silence constituted fraudulent concealment of their legal malpractice. Nichols made conclusory allegations that her attorneys were acting with intent to drag out pointless litigation in the underlying case in the hopes that her right to sue them for legal malpractice would expire before she figured out what happened. Nichols contended that the statute of limitations had been tolled until March 2020 (when her attorneys admitted a different legal misstep), so she had until March 2023 to file a legal-malpractice lawsuit against her attorneys.

The circuit court conducted a hearing on the motion to dismiss. After hearing extensive arguments and reading the amended complaint, the circuit court remarked that nowhere in the complaint could it find "when the allegedly fraudulently hiding of their malpractice occurred." The circuit court stated that there were plenty of assertions in the complaint about what the attorneys should have done or should have told Nichols but that there was nothing in the complaint to demonstrate acts of fraudulent concealment or other furtive conduct intended to deceive Nichols. The circuit court read the paragraph alleging that the attorneys maliciously, willfully, and purposefully attempted to keep Nichols from knowing that her underlying lawsuit was time-barred, but that was a conclusory statement

3

with no facts. The circuit court read the complaint's allegation that the attorneys committed

"fraud and deceit by not informing her" that her underlying lawsuit was time-barred. The

circuit court announced at the conclusion of the hearing that it was granting the attorneys'

motion to dismiss because the malpractice lawsuit was not filed within the statute of

limitations, and Nichols failed to plead facts sufficient to toll the running of the statute of

limitation. The order of dismissal included these findings:

> 3. A plaintiff seeking to toll a statute of limitation must plead facts showing the fraud is "furtively planned and secretly executed" so as to keep the fraud concealed. *See Delanno v. Peace*, 366 Ark. 542, 545, 237, S.W.3d 81 (2006). "[I]n the context of legal malpractice cases, it is clear that not only must there be fraud but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed." *Rice v. Ragsdale*, 104 Ark. App. 364, 373, 292 S.W.3d 856 (2009).
>
> . . . .
>
> 7. There are no facts contained in the Plaintiff's Complaint or Amended Complaint sufficient to toll the running of the statute of limitations based on fraudulent concealment. There are no facts stated showing the elements of fraud, and there are no facts stated showing the alleged fraud was furtively planned and secretly executed.

The statute of limitations for legal-malpractice negligence actions is three years, and

absent concealment, it begins to run upon the occurrence of the wrong. *Goldsby v. Fairley*,

309 Ark. 380, 831 S.W.2d 142 (1992). Fraud suspends the running of the statute of

limitations, and the suspension remains in effect until the party having the cause of action

discovers the fraud or should have discovered it by the exercise of reasonable diligence.

*Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999). In order to toll the statute of

limitations, the fraud perpetrated must be concealed. *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d

4

557 (2000). Fraudulent concealment consists of "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Shelton*, 340 Ark. at 96, 8 S.W.3d at 562. Accordingly, not only must there be fraud, but the fraud must also be furtively planned and secretly executed so as to keep the fraud concealed. *Id.* In *Rice v. Ragsdale*, 104 Ark. App. 364, 292 S.W.3d 856 (2009), we rejected the argument that two attorneys had a fiduciary duty to advise their clients that the statute of limitations was running on any claims the clients had against the attorneys after the attorneys' legal malpractice came to light. When there is no evidentiary basis for a reasonable difference of opinion, a circuit court may resolve the question as a matter of law. *Delanno, Inc. v. Peace*, 366 Ark. 542, 545, 237 S.W.3d 81, 84 (2006).

We review a circuit court's decision on a motion to dismiss a complaint by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. *Hutcherson v. Rutledge*, 2017 Ark. 359, 533 S.W.3d 77. To prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations defense, it must be barred on its face. *Id.* The statute of limitations begins to run when the injury occurs, not when it is discovered, but affirmative actions of concealment of a cause of action will toll the statute of limitations. *Id.* Ignorance of a right to pursue a cause of action, however, does not prevent the operation of the statute of limitations. *Id.* The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment. *Id.* Therefore, to rebut a

limitations defense, a plaintiff must describe specific fraudulent acts committed for the purpose of concealing a cause of action.  *Id.*

Our standard of review for the granting of a motion to dismiss is whether the circuit court abused its discretion.  *Steinbuch v. Univ. of Arkansas*, 2019 Ark. 356, 589 S.W.3d 350. An abuse of discretion is a high threshold that requires not only error in the circuit court's decision, but also that the ruling was made improvidently, thoughtlessly, or without due consideration.  *Id.*  For purposes of a motion to dismiss, we treat only the facts alleged in a complaint as true and not a party's theories or speculation.  *See Hutchinson v. McArty*, 2020 Ark. 190, 600 S.W.3d 549. Conclusory statements are not sufficient under the Arkansas Rules of Civil Procedure, which identify Arkansas as a fact-pleading state.  *Id.*

The allegations made in Nichols's complaint do not describe any overt act to hide information from Nichols or any fraudulent concealment of the alleged malpractice. Instead, the allegations make sweeping conclusions about what Nichols believed her attorneys' intentions were as they proceeded with litigation in the underlying case.  We hold that Nichols filed her legal-malpractice lawsuit beyond the three-year statute of limitations and that Nichols failed to sufficiently plead affirmative acts of fraudulent concealment of the alleged January 2018 legal malpractice.

We affirm the circuit court's grant of the motion to dismiss and the order dismissing Nichols's complaint.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

6

SUPPLEMENTAL OPINION ON GRANT OF REHEARING
OCTOBER 5, 2022
2022 ARK. APP. 399

In May 2022, we affirmed the circuit court's dismissal of the legal-malpractice lawsuit that was filed by appellant Rebecca Nichols against her attorneys, appellees James Swindoll and Chuck Gibson. *See Nichols v. Swindoll*, 2022 Ark. App. 233. The circuit court had granted the attorneys' motion to dismiss, which asserted that any negligence claim was barred by the applicable three-year statute of limitations and that Nichols failed to adequately plead that the attorneys fraudulently concealed their malpractice. Nichols filed a petition for rehearing following our original opinion.

We issue this supplemental opinion only to respond to the dissenting opinions. Chief Judge Harrison contends that we used the wrong standard of review in this appeal and that a litany of cases from a multitude of federal and state courts show that the standard of review must be "de novo." We applied the "abuse of discretion" standard, which has been recited numerous times over the years from this court, and more importantly, our supreme court. *See, e.g.*, *Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, 589 S.W.3d 350; *Rhodes v. Kroger Co.*, 2019 Ark. 174, 575 S.W.3d 387. We are bound by Arkansas Supreme Court precedent and are powerless to overturn it. Nichols herself alleged in her point on appeal that the standard of review is "abuse of discretion." While we appreciate the research presented by our dissenting colleague, his dissent presents arguments vigorously researched for the appellant and presented for the first time on petition for rehearing. This is not a proper basis for rehearing.

7

Both Chief Judge Harrison and Judge Hixson take issue with the level of duty placed on lawyers to communicate potential legal errors and whether this complaint should have survived the motion to dismiss. Chief Judge Harrison goes so far as to suggest that we revisit *Rice v. Ragsdale*, 104 Ark. App. 364, 292 S.W.3d 856 (2009), because it "overstepped" and needs "correction." Nichols cited *Rice* in her appellate brief and did not question its validity as precedent. The *Rice* holding rejected the notion that an attorney's fiduciary duty extended to requiring disclosure of potential legal malpractice and rejected the idea that failure to disclose that negative information was evidence of an intent to conceal for purposes of tolling the statute of limitations. This court's majority opinion followed Arkansas law as it stands today. Again, while we appreciate the scholarly and informative dissenting opinions, they make arguments for the appellant that were never raised by the appellant herself.

Arkansas law requires an appellant's complaint to contain facts sufficient to support the application of fraudulent concealment to toll the statute of limitations. *Floyd v. Koenig*, 101 Ark. App. 230, 274 S.W.3d 339 (2008). We held that the circuit court did not err, and we stand by that decision for the reasons previously stated. The dissenting judges simply disagree with the majority's assessment.

ABRAMSON, WHITEAKER, and BROWN, JJ., agree.

HARRISON, C.J., and HIXSON, J., dissent.

GRUBER, J., not participating.

*Harry McDermott*, for appellant.

*Barber Law Firm, PLLC*, by: G. *Spence Fricke* and *Adam D. Franks*, for separate appellee James Swindoll.