Cite as 2026 Ark. App. 274

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-25-135

| | |
|---|---|
| CATHEE CRAIN, AS SETTLOR/BENEFICIARY OF THE CATHEE CRAIN FIRST AMENDED TRUST; KRISTAN CRAIN SNELL, AS SETTLOR/BENFICIARY OF THE KRISTAN D. CRAIN FIRST AMENDED TRUST; LISA CRAIN, AS SETTLOR/BENEFICIARY OF THE LISA CRAIN FIRST AMENDED TRUST; AND MARILLYN CRAIN BRODY, AS SETTLOR/BENEFICIARY OF THE MARILLYN C. CRAIN FIRST AMENDED TRUST<br><br>APPELLANTS<br><br>V.<br><br>SHIRLEY CRAIN, INDIVIDUALLY AND AS TRUSTEE OF THE TERMINATED CATHEE CRAIN FIRST AMENDED TRUST, TRUSTEE OF THE LISA CRAIN FIRST AMENDED TRUST, TRUSTEE OF THE KRISTAN CRAIN FIRST AMENDED TRUST, AND TRUSTEE OF THE MARILLYN C. CRAIN FIRST AMENDED TRUST<br><br>APPELLEE | Opinion Delivered May 6, 2026<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-24-532]<br><br>HONORABLE DIANNA HEWITT LADD, JUDGE<br><br><br><br><br><br><br><br><br><br><br><br><br>AFFIRMED |

**N. MARK KLAPPENBACH, Chief Judge**

Appellants are the adult daughters of Dude Crain and stepdaughters of appellee, Shirley Crain. This appeal centers on the dismissal of the daughters' 2024 complaint against

Shirley in which they alleged Shirley failed in her duties as trustee of their trusts to collect delinquent debt Dude owed to the trusts. The circuit court dismissed the complaint because the statute of limitations (SOL) on any action to collect had long since expired, the daughters failed to present evidence to support tolling of the SOL, and the Arkansas Trust Code did not apply to allow them an extended SOL under the Code. The daughters appeal, and we affirm.

As a preliminary matter, while the parties treat this as an appeal from an order granting a motion to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, the proper standard of review of the circuit court's order is that of a motion for summary judgment. Rule 12(b)(8) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

The daughters attached approximately one hundred pages of exhibits to their complaint.[1] The parties referred to these documents in their arguments about whether the complaint should be dismissed, and they were considered by the circuit court. Because the circuit court considered matters outside the pleadings, the motion to dismiss was converted to a motion

[1]Exhibits A through W included each daughter's trust, the amended trusts, the trustee appointments and changes thereto, IRS forms, a letter from a former cotrustee, a promissory installment note, a pledge agreement, and a 2020 order declaring the rights and obligations under the amended trusts as between Shirley and the daughters.

for summary judgment.  *Barrows/Thompson, LLC v. HB Ven II, LP*, 2020 Ark. App. 208, 599 S.W.3d 637.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law.  *Hardin v. Bishop*, 2013 Ark. 395, 430 S.W.3d 49.  When there is no material question of fact, we determine whether the moving party was entitled to judgment as a matter of law.  *City of Rockport v. City of Malvern*, 2012 Ark. 445, 424 S.W.3d 870.  We review issues of statutory construction de novo because it is for this court to interpret a statute.  *Id.*  Summary judgment is proper when the statute of limitations bars an action.  *Peck v. Peck*, 2019 Ark. App. 190, 575 S.W.3d 137.

The essential facts are not in dispute.  The four trusts were created between 1981 and 1984 while Dude was still married to his previous wife, who is the mother of Cathee, Kristan, Lisa, and Marillyn.  The trusts were initially funded by the daughters' shares of stock in Crain Industries, Inc., which has grown and been extremely profitable over the years.  The trusts originally had four cotrustees, who were charged with taking, keeping, and holding the trust estate and managing it to the best advantage of the trust and its beneficiaries.  The trustees were also given the authority to demand, sue for, and collect any and all rights, money, properties, or claims to which the trusts were entitled.

In 1986, the daughters (all adults) agreed to the appointment of Dude and Don Wood as cotrustees.  The trusts were amended to eliminate the duty to provide an annual accounting.

Dude sought a divorce in 1988, and in 1989, Dude married Shirley. In 1992, Dude wanted to sell the corporation and needed to consolidate ownership of the shares of stock. According to documents related to the corporation's 1993 fiscal year, Dude and his daughters agreed that Dude, individually, would buy the daughters' shares of stock and that he would pay each daughter's trust $3 million, payable in installments.[2] The daughters signed written consents for this transaction. The terms of the sale were reflected in identical promissory notes and pledge agreements reciting that the first $500,000 was payable immediately, and the remaining $2.5 million was to be paid in five annual installments of $500,000 in December each year; the debt earned interest at 8 percent. Dude paid in 1993 and 1994. Wood sent each daughter a letter in 1994 detailing how their trust money was being managed and distributed. In 1995, Dude sold the Crain assets for $130 million, after which Don Wood resigned as cotrustee. According to the daughters, Don resigned because he wanted to pay the daughters' trusts in full what they were owed out of the company's sale proceeds, but Dude did not.

The $500,000 payment due in December 1995 was not paid. Dude was sole trustee until he named Shirley as a cotrustee in August 1996. The daughters believed they had a good relationship with Dude and Shirley and could trust that the promissory notes would

---

[2]The daughters asserted that their agreement allowed Dude to buy their stocks for far less than fair market value. They further contended that between 1988 and 1992, they should have received substantially more each year in corporate-profit distributions. These are mentioned in the factual summary, but these allegations do not make up the thrust of the argument on appeal.

eventually be paid in full. However, Dude made no more payments on the outstanding balance on the promissory notes from 1995 forward.

In September 2005, the Arkansas Trust Code was enacted. Dude died in 2017 but left no provision in his will to pay off the promissory notes. When Dude died, Shirley became the sole trustee. Shirley did not pursue any action before or after Dude's death to recover the outstanding balance on the promissory notes for the daughters' trusts.

Undoubtedly, there has been discord between the daughters and Shirley. In 2019, the daughters asked Shirley to resign as the sole trustee, but she declined. In 2020, the daughters sought to terminate the trusts and also sued their father's estate to enforce an agreement between their mother and father in which the daughters were owed assets held by Dude's widow. Later in 2020, Shirley filed a declaratory action against the daughters to maintain her position as trustee and to establish that the daughters could not terminate the trusts. However, in November 2020, a circuit court found that the daughters had the right to terminate the trusts without Shirley's consent, and it ordered Shirley to distribute the assets of the trusts to the beneficiaries.

In 2024, the daughters filed suit against Shirley alleging five causes of action for breach of a trustee's duties pursuant to the Arkansas Trust Code.[3] The complaint alleged

---

[3]The complaint alleged that Shirley breached her duty (1) to administer the trusts in good faith; (2) to collect money owed to the trusts; (3) to act loyally and not place her and Dude's interests in their jointly held assets above the beneficiaries' interest in the same assets; (4) to prudently administer the trusts; and (5) to keep trust property separate. Ark. Code Ann. §§ 28-73-804 (Repl. 2012) et seq.

that Shirley was, or should have been, aware of the payments due but had acted in her own personal interests by making no effort to collect on Dude's outstanding balance (including suing her husband or his estate). The daughters asserted that their damages exceeded $46 million. They asserted that they did not file this lawsuit earlier because they believed they had a good relationship, trusted them to properly administer the trusts, and believed their trusts would eventually receive the funds owed. The daughters alleged that their lawsuit was timely filed within the five-year statute of limitations that commenced on the termination of their trusts and Shirley's removal as trustee in 2020, citing Ark. Code Ann. § 28-73-1005(c).

Shirley filed a motion to dismiss on the expiration of the SOL for collecting on written instruments or for breach of fiduciary duty because the daughters' claims were based on acts (or inactions) that preceded the Arkansas Trust Code, which was enacted in 2005. By the Arkansas Trust Code's own provisions, it did not apply to acts done before September 1, 2005. She further asserted that the SOL had expired on any action to collect the debt, whether by the daughters or by her (Shirley). She argued that the right to act against Dude and her began to run beginning, at the latest, upon his failure to pay the final installment in December 1997, and the five-year SOL would have expired in December 2002. Shirley maintained that because the Arkansas Trust Code did not apply, the daughters did not get the benefit of the five-year statute of limitations against a trustee that commences when a trust is terminated or the trustee is removed—here, in 2020. She further argued that the three-year SOL for breach of fiduciary duty had commenced under prior law, so that cause of action "accrued" before 2005 and was controlled by the previous SOL. So, Shirley argued,

6

without tolling the statute of limitations, which the daughters had not supported with any allegations of fact, the lawsuit against Shirley was barred. Shirley pointed to Arkansas Code Annotated sections 28-73-1104 and -1106, which state that the Arkansas Trust Code's effective date is September 1, 2005, and that "an act done before September 1, 2005, is not affected by this chapter," and any right acquired, extinguished, or barred by the SOL under another statute before the effective date continues to apply.

The daughters responded to the motion to dismiss, stating that "Shirley consistently used her power as trustee to misappropriate their wealth for personal gain." They contended that the Arkansas Trust Code applied because the SOL was tolled[4] on Dude's keeping them from pursuing any action, which was an "improper act" "preventing" them from seeking recourse. The daughters contended that his improper or wrongful acts did not cease until his death in 2017. The daughters contended that in 2017, the Arkansas Trust Code was in effect, bringing them within its five-year SOL commencing from Shirley's removal as trustee and termination of their trusts. Ark. Code Ann. § 28-73-1005. The daughters contended that they could not pursue the action on behalf of their trusts but had to rely on Shirley or Dude as cotrustees. The daughters agreed that the threshold questions were which SOL applied and whether tolling applied.

---

[4]Arkansas Code Annotated section 16-56-120 (Repl. 2005) provides that "[i]f any person, by leaving the county, absconding, or concealing himself, or by any other improper act of his own, prevents the commencement of any action specified in this act, the action may be commenced within the times respectively limited after the commencement of the action shall have ceased to be so prevented."

The circuit court agreed that the SOL had long since expired and that the Arkansas Trust Code was inapplicable. The circuit court reasoned that the latest any action could be taken to recover the debt was in December 2002 (five years after December 1997 when the final installment on the debt was due and during which Shirley was cotrustee). Thus, the circuit court determined, because any action to collect on the debt had accrued and was barred after 2002, the Arkansas Trust Code did not apply, and the 2024 lawsuit was barred. The circuit court also ruled that there was no allegation or evidence to sustain the claim that Dude somehow prevented his daughters or anyone else from being aware that an action to recover on the debt had arisen. The complaint alleged that Shirley knew or should have known about Dude's delinquent debt for the entirety of her tenure as cotrustee or sole trustee. The payment terms were certainly known by the daughters, and they did not seek recourse until filing this breach-of-trustee-duties complaint in 2024, decades after the "breaches" occurred.

In determining that the Arkansas Trust Code's extended SOL did not apply, the circuit court relied on Ark. Code Ann. § 28-73-1106(b), which states that "[i]f a right is acquired, extinguished, or barred upon the expiration of a prescribed period that has commenced to run under any other statute before September 1, 2005, that statute continues to apply to the right even if it has been repealed or superseded." The circuit court also recited section 28-73-1106(a)(5), which states that "an act done before September 1, 2005, is not affected by this chapter." The allegations of wrongdoing (actions or inactions by either or

8

both trustees) had occurred, in other words accrued, years before the Arkansas Trust Code's enactment. This appeal followed the circuit court's order dismissing the complaint.

The daughters argue on appeal (1) that the SOL regarding the overdue debt was tolled by Dude's "improper actions" and did not commence until his death in 2017, so no action was viable against Shirley until then; (2) that Shirley made an admission that this complaint for breach of fiduciary duties was controlled by the 2005 Arkansas Trust Code; and (3) that the daughters had no right or duty to hold the trustees accountable for failure to ensure payment of the overdue debt until Dude's death in 2017. In short, the daughters contend that their breach-of-trustee-duties lawsuit falls within the SOL provided by the 2005 Arkansas Trust Code. Thus, they argue, their lawsuit is not time-barred. We conclude that the daughters have failed to demonstrate reversible error.

The "tolling" argument is the primary issue on appeal. The Arkansas Trust Code was enacted on September 1, 2005, and it provides that actions against trustees may be brought within five years of the termination of the trust, the removal of a trustee, or the dissolution of the trust. Ark. Code Ann. § 28-73-1005. Shirley is alleged to have breached her fiduciary duties throughout her tenure as cotrustee. The daughters' position was that their father committed "an improper act" to toll the statute of limitations and provide time within which to file the 2024 lawsuit under the Arkansas Trust Code. We disagree.

Arkansas Code Annotated section 16-56-111(a) states, "[A]ctions to enforce written obligations, duties or rights . . . shall be commenced within five (5) years after the cause of action shall accrue." A cause of action accrues when the plaintiff could have first maintained

9

the action to successful conclusion. *Dupree v. Twin City Bank*, 300 Ark. 188, 777 S.W.2d 856 (1989). The daughters admitted that they never asked their father or Shirley to ensure payment of this debt overdue since 1997. They attempt to say that they were unaware that they had a cause of action until 2017, but their filings support the opposite conclusion: everyone knew all along. The daughters were hoping for voluntary payment so as not to mar a good relationship and so they would not have to file a breach-of-a-trustee's-duty cause of action.

A cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations runs from that time. *Ray & Sons Masonry Contractors, Inc. v. U.S. Fid. & Guar. Co.*, 353 Ark. 201, 114 S.W.3d 189 (2003). Each nonpayment on an installment contract creates a breach, and any action to recover is barred beyond five years from that breach when the obligation is based on a written instrument. *See NP191, LLC v. Branch*, 2023 Ark. App. 156, 662 S.W.3d 713. A simple breach-of-a-written-contract action here would be time barred in December 2002, whether pursued by Shirley or the daughters.

The circuit court did not err in concluding that no tolling occurred. There were no specific factual allegations that supported tolling. Affirmative actions of concealment of a cause of action will toll the statute of limitations. *Hutcherson v. Rutledge*, 2017 Ark. 359, 533 S.W.3d 77. Ignorance of a right to pursue a cause of action, however, does not prevent the operation of the statute of limitations. *Id.* The statute is tolled only when the ignorance is produced by affirmative and fraudulent acts of concealment. *Id.* Therefore, to rebut a

limitations defense, a plaintiff must describe specific fraudulent acts committed for the purpose of concealing a cause of action. *Id.*

In the complaint and as presented in their arguments, the daughters were fully aware of the due dates of the payments and Dude's failure to comply with the payment agreement since 1995 and his failures to abide his trustee duties. The daughters allege that Shirley, too, was aware all along of Dude's failures to pay. Shirley took on the role of cotrustee in 1996, triggering her duties to the trust beneficiaries. Dude's alleged "improper acts"—and Shirley's, for that matter—were well known and did not prevent the daughters from proceeding on any cause of action. Shirley was not accused of preventing the daughters from knowing that Dude or she breached their trustee duties.[5] The daughters hoped their father would pay or that Shirley would make sure he did, but they were all undoubtedly aware of this overdue debt since 1997. There was no basis to conclude that the SOL was tolled until 2017. This point on appeal holds no merit.

The daughters also argue that Shirley admitted at one point that this lawsuit fell within the Arkansas Trust Code and was therefore not barred by the SOL. We disagree that they have demonstrated reversible error. The daughters contend that as part of her filings on the motion to dismiss, Shirley contended in the alternative that the SOL for breach

---

[5]The improper acts or concealment "must have been committed by those now invoking the benefit of the statute of limitation." *Milam v. Bank of Cabot*, 327 Ark. 256, 263, 937 S.W.2d 653, 657 (1997). *See also First Pyramid Life Ins. Co. of Am. v. Stoltz*, 311 Ark. 313, 320, 843 S.W.2d 842, 845 (1992). Shirley was never accused of concealing, hiding, or preventing the daughters from acting on Dude's outstanding debt or their failures to abide by their fiduciary duties under the trust.

11

started in 2002 and ended three years later in 2005, triggering the application of the 2005 Arkansas Trust Code and its extended SOL. It is apparent that any breach of fiduciary duties, by either Dude or Shirley, commenced in 1997. The cause of action "accrued" and the "acts" were done before September 1, 2005. The Arkansas Trust Code did not apply.

The daughters do not dispute that before the Arkansas Trust Code was enacted, the law provided that any breach of fiduciary duty "accrues" when the breach occurs and commences a three year SOL. On appeal, the daughters conflate "accrual" of a cause of action and the date of expiration. As stated, the SOLs that were in place before the Arkansas Trust Code had already commenced and would have expired long before this 2024 lawsuit was filed. The Arkansas Trust Code is inapplicable to acts occurring before September 1, 2005, or to those actions already covered by a preexisting statutory SOL. *See Bakalekos v. Furlow*, 2011 Ark. 505, 410 S.W.3d 564; Ark. Code Ann. § 28-73-1106 ("an act done before September 1, 2005, is not affected by this chapter"). We hold that the SOL contained in our Trust Code (based on the Uniform Trust Code) would not apply to claims that were barred by limitation periods that began to run before the effective date of the Code.

Last, the daughters argue that the circuit court erred because they had no obligation or duty to pursue an action against their father, the trust, or any trustee until they knew for certain that Dude was not going to pay. This, they assert, did not occur until he died in 2017, so it was incumbent on Shirley to do so against his estate after he died. This, again, relies on the notion that this breach-of-trustee-duties action did not "accrue" until 2017 when Dude died. To the contrary, the breaches alleged in this lawsuit accrued against both Dude

12

and Shirley years before the Arkansas Trust Code's effective date, were controlled by prior SOLs, and had expired before this lawsuit was filed.

For the foregoing reasons, we affirm.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*RMP LLP*, by: *Seth M. Haines* and *Timothy C. Hutchinson*, for appellant.

*Jones, Jackson, Moll, McGinnis & Stocks, PLC*, by: *J. Dalton Person*; and *Bryan Cave Leighton Paisner LLP*, by: *Robert M. Tompson*, *pro hac vice*; *Logan M. Rutherford*, *pro hac vice*; and *Grace E. Martinez*, *pro hac vice*, for appellee.