Patricia HICKSON *v.* Edward SAIG, Individually; The Saig Company, an Arkansas Corporation; RA-RPM, an Arkansas Limited Partnership; RPM Realty, an Arkansas Limited Partnership, general partner of RA-RPM, et al.

91-332                                    828 S.W.2d 840

Supreme Court of Arkansas
Opinion delivered May 4, 1992

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by: *Christopher O. Parker*, for appellant.

*Gill & Elrod*, by: *W.W. Elrod II*, for appellees RA-RPM, RPM Realty Fund, and Rector-Phillips-Morse, Inc.

*Rieves & Mayton*, by: *Elton A. Rieves III*, for appellees Edward Saig and The Saig Co.

ROBERT H. DUDLEY, Justice. This appeal arises from the granting of a partial summary judgment in favor of the appellees. The trial court certified the case for an immediate appeal under A.R.C.P. Rule 54(b). We reverse and remand.

On September 15, 1987, RA-RPM, a limited partnership that owned Meadowbrook Square Shopping Center in West Memphis, Arkansas, sued Patricia Hickson and Linda Gregg for breach of a lease agreement. In its complaint, RA-RPM alleged that on September 11, 1984, or slightly over three years before the filing of the suit, appellant Hickson and Linda Gregg leased retail space in the shopping center for their women's apparel shop and that they had failed to pay approximately $16,000.00 in past due rent and maintenance fees. Appellant Patricia Hickson filed an answer in which she admitted executing the lease, but alleged that she executed the lease only because of an act of deceit which was perpetrated by RA-RPM's agent, appellee Edward Saig.

Appellant Patricia Hickson also filed a counterclaim against appellee RA-RPM in which she alleged that the deceit by the leasing agent caused her to suffer damages. Subsequent pleadings brought in appellees RPM Realty Fund, a limited partnership and general partner of RA-RPM, and Rector-Phillips-Morse, a corporation and general partner of RPM Realty Fund. Appellant Hickson additionally filed a third-party complaint against the leasing agent, appellee Edward Saig, and his employer, appellee Saig Company, and alleged they also caused her to suffer damages. The trial court ordered the complaint and counterclaim consolidated with the third-party complaint. RA-RPM appellees and Saig appellees filed motions for summary judgment. They contended that the deceit was allegedly perpetrated more than three years before the counterclaim and third-party complaint were filed, and therefore, the three-year statute of limitations barred the counterclaim and third-party complaint. It is undisputed that the three-year statute of limitations is controlling. The trial court granted the motions for summary judgment.

We have often written that summary judgment is an extreme remedy that should be granted only when it is clear that there is no genuine issue of material fact to be litigated. *Pinkston*

v. *Lovell*, 296 Ark. 543, 759 S.W.2d 20 (1988). The burden of proving that there is no genuine issue of material fact is upon the movant, and all proof submitted must be viewed in a light most favorable to the party resisting the motion. Any doubt and all inferences must be resolved against the moving party. *Carmichael* v. *Nationwide Life Ins. Co.*, 305 Ark. 549, 810 S.W.2d 39 (1991).

In viewing the affidavits submitted to the trial court in the light most favorable to appellant Patricia Hickson, as we must do, the following facts were established for these motions. In August and September 1984, appellant Hickson and her partner, Linda Gregg, entered into negotiations with Edward Saig to lease retail space in the shopping center for their women's apparel business. At that time appellant Hickson had heard a rumor that Wal-Mart, the anchor tenant in the shopping center, would soon move to another location. During these negotiations appellant Hickson specifically asked appellee Saig whether the Wal-Mart store would be relocated. Saig assured her that the Wal-Mart store would remain in the shopping center. Based upon that assurance, on September 11, 1984, appellant Hickson and Linda Gregg signed a lease for retail space. On November 8, 1984, the *Evening Times*, a West Memphis newspaper, published an article announcing Wal-Mart's plans to move to a different location. Appellant Hickson did not read the article and was not aware that Wal-Mart had announced plans to relocate. However, in late 1984 and early 1985, she again heard that Wal-Mart planned to move. She again inquired of appellee Saig, and he again assured her that Wal-Mart was not going to move. Based upon these further assurances, appellant Hickson sought and obtained a Small Business Administration loan so she could purchase the interest of her partner, Linda Gregg. She completed the purchase in the summer of 1985. In July 1985, the merchants who leased space in the shopping center, including appellant, held a meeting, and appellee Saig told them that the rumor of Wal-Mart's relocation was false. On August 22, 1985, Wal-Mart closed its store in the shopping center and relocated in a new shopping center. Appellee Rector-Phillips-Morse, Inc. is liable as the general partner of the limited partnership RPM Realty Fund, which is liable as a general partner of RA-RPM, the owner of the Meadowbrook Square Shopping Center, and RA-RPM in turn is

liable for any deceit committed by its leasing agents, Edward Saig and the Saig Company.

■ The issue is whether the trial court correctly held that there was no genuine issue of material fact concerning the running of the three-year statute of limitations. The deceit occurred when appellee Saig made the false statement that induced appellant Hickson to enter into the lease agreement. Thus, the period of limitation began to run when the lease was signed on September 11, 1984, and the counterclaim and cross-complaint were not filed until December of 1987, which was more than three years later. However, if there is some positive act of fraud or deceit which would conceal a plaintiff's cause of action, the statute of limitations is tolled until the fraud or deceit is discovered, or should have been discovered by the exercise of reasonable diligence. *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988). Appellant Hickson contends that appellee Saig, by continuing to deny the truth of the rumor that Wal-Mart was going to leave, concealed the deceit, and her cause of action did not accrue until she discovered the truth on August 22, 1985, when Wal-Mart closed its store in the shopping center. Appellees responded that upon publication of the newspaper article on November 8, 1984, the planned move of Wal-Mart became public knowledge, and any reasonably prudent person in appellant's position knew, or with reasonable diligence should have discovered, appellees' deceit, and therefore the claim was barred. The trial court, in granting summary judgment in favor of appellees, held that there was no genuine issue of material fact and that, as a matter of law, upon the publication of the newspaper article, appellant knew, or with reasonable diligence should have discovered, the falsity of appellee Saig's statement. That ruling was in error. The proof on the motions for summary judgment showed that appellant Hickson detrimentally relied on appellee Saig's false statements, and appellant did not know about the newspaper article or discover the truth until Wal-Mart closed its store. Thus, there is a genuine issue of material fact as to whether the newspaper article should have put appellant on sufficient notice to require her to investigate and determine the truth, and that issue is for the trier of fact to decide.

■ Appellee Saig additionally contends that the trial court's ruling should be affirmed because the misrepresentation

was not material and a summary judgment is proper where there is no genuine issue as to any material fact. *See* A.R.C.P. Rule 56. We summarily dismiss the contention by stating that there is a genuine issue of whether the alleged misrepresentation was material in causing the appellant to enter into the lease.

Reversed and remanded.

BROWN, J., not participating.