DELANNO, INC. *v.* John PEACE
and Dover & Dixon, P.A.

05-1386                                              237 S.W.3d 81

Supreme Court of Arkansas
Opinion delivered June 15, 2006

*Timothy O. Dudley* and *Kent J. Rubens*, for appellant.

*Kaplan, Brewer, Maxey & Haralson, P.A.*, by: *Philip E. Kaplan* and *Regina Haralson*, for appellees.

BETTY C. DICKEY, Justice. Appellant Delanno Inc. (hereinafter Delanno) appeals the trial court's order of summary judgment in favor of appellees, John Peace and Dover & Dixon, P.A. We find no error and affirm. Jurisdiction in this case is pursuant to Ark. Sup. Ct. R. 1-2(a)(5) and 1-2(b)(1).

Arthur Delanno is the sole shareholder of Delanno, Inc. In December 2000, Delanno purchased the assets of Encompass Services (hereinafter Encompass), which was doing business as Arkansas Mechanical Services. At the time of the purchase, Arthur Delanno was the chief operating officer of Arkansas Mechanical Services. The appellees are the attorneys who represented Delanno in the transaction. A term of the purchase agreement was that Delanno would not be responsible for any taxes owed by Encompass at the time of the sale. The appellees were responsible for obtaining a tax clearance letter from the State, which would absolve Delanno from liability for any outstanding taxes incurred

by Encompass before the consummation of the purchase. The appellees assured Delanno that they had secured the tax clearance letter, and thereby relieved Delanno of any tax liability that would otherwise have resulted from the purchase.

In the spring of 2001, the State notified Delanno that it was liable for taxes owed by Encompass at the time of the sale. In response to that notification, Gail Delanno, the wife of Arthur Delanno, contacted the appellees concerning the tax matter. Gail Delanno was advised that the appellees had a tax clearance letter on file, that Delanno thus owed no taxes resulting from the purchase, and further, that appellees would take care of the matter.

In the spring of 2004, Delanno was again notified by the State that it owed taxes as a result of its purchase of the assets of Encompass. After a series of interchanges between the appellant and appellees, it became apparent that the appellees had filed the tax clearance letter with the wrong tax identification number, and that as a result of this oversight, Delanno owed the taxes as indicated by the State.

On December 7, 2004, Delanno filed suit against the appellees, alleging legal malpractice. The appellees moved for summary judgment, claiming that the action was barred by the statute of limitations. The trial court granted the motion for summary judgment, and Delanno brings this appeal from that ruling.

The appellant's sole point on appeal is: *The trial court erred in granting summary judgment to defendant on the ground that the statute of limitations barred this action when Delanno pled fraudulent concealment and presented unrebutted proof that a false statement was made by defendants and that plaintiff relied upon that false statement.*

Summary judgment is appropriately granted by a trial court only when there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Wallace v. Broyles*, 331 Ark. 58, 961 S.W.2d 712 (1998). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof to demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court reviews the evidence in a light most favorable to the party against whom the motion was filed, resolv-

ing all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents. *Id.*

The statute of limitations period for legal malpractice negligence actions is three years, and absent concealment it begins to run upon the occurrence of the wrong. *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992). Fraud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud, or should have discovered it by the exercise of reasonable diligence. *Martin v. Arthur*, 339 Ark.149, 3 S.W.3d 684 (1999). In order to toll the statute of limitations, the fraud perpetrated must be concealed. *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000). Fraud consists of five elements that the plaintiff must prove by a preponderance of the evidence: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the representation. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002). Fraudulent concealment consists of "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Shelton v. Fiser*, 340 Ark. at 96, 8 S.W.3d at 562. Accordingly, it is clear from our case law that not only must there be fraud, but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed. *Id.* Though the question of fraudulent concealment is usually one of fact and unsuited for summary judgment, when there is no evidentiary basis for a reasonable difference of opinion, a trial court may resolve the question as a matter of law. *Martin, supra.*

Summary judgment shall be rendered if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law on the issues specifically set forth in the motion. Ark. R. Civ. P. 56(c)(2). Our cases involving summary judgment and fraudulent concealment have always distinguished the burden of proof at trial from the appellate standard of review.

Our case law clearly distinguishes between the standard of review applicable at trial as opposed to summary judgment:

> Ms. Meadors, in our judgment, has confused the standard of review for granting summary judgment on the one hand and granting

summary judgment based on a statute-of-limitations defense involving fraud or fraudulent concealment on the other. . . . Our standard of review when considering whether the statute of limitations has been tolled due to fraudulent concealment is altogether different: When the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense. However, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. Fraud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. *Although the question of fraudulent concealment is normally a question of fact that is not suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, a trial court may resolve fact issues as a matter of law.*

*Meadors v. Sill*, 344 Ark. at 311-12, 40 S.W.3d at 298 (internal citations omitted, emphasis added).

In *Martin v. Arthur, supra,* this court stated, "[f]raud suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." *Martin,* 339 Ark. at 155, 3 S.W.3d at 687 (quoting *First Pyramid, supra*). However, in our cases addressing the suspension of the statute of limitations with regard to fraud, we have required that there be concealment, in addition to fraud, in order to effectuate a suspension. Accordingly, in *Shelton v. Fiser, supra,* we stated, "[w]e need not reach the issue of whether the inconsistency amounted to fraud, because our case law is clear that in order to toll the statute of limitations, the fraud perpetrated must be concealed. Concealed fraud means fraud which is furtively planned and secretly executed." *Shelton,* 340 Ark. at 97-98, 8 S.W.3d at 562-63. Thus, fraud is a necessary, but alone not a sufficient, condition for the suspension of the statute of limitations. In order to toll the statute, there must be fraud and it must be concealed. Fraud *and* concealment suspend the running of the statute of limitations, but, if the fraudulent concealment should have been discovered by the exercise of reasonable diligence, the suspension ceases as of the date it should have been so discovered.

Here, the appellant asserts that the telephone conversation in the spring of 2001 between Gail Delanno and the appellees regarding the tax situation constitutes fraudulent concealment. In that conversation, the appellees told Mrs. Delanno that they had on file a tax clearance letter for Delanno from the State, which absolved Delanno of any tax liability relative to the purchase of Encompass's assets, and furthermore that the appellees would take care of the tax matter.

The appellees' statements regarding the tax clearance letter were inaccurate. However, assuming *arguendo* that the statements amounted to a positive act of fraud, in order to show that the statute of limitations was suspended, the appellant must prove that the statements constituted fraudulent concealment. In order to show fraudulent concealment, the appellant must prove that the statements were positive acts of fraud that were furtively planned and secretly executed, and that the statements were concealed, or perpetrated in a manner that concealed itself. *Shelton v. Fiser, supra.* Next, if fraudulent concealment is found, the appellant must additionally prove that the fraud would not have been detected by the exercise of reasonable diligence. *Martin v. Arthur, supra.*

Delanno has not produced any evidence showing that the inaccurate statements made by the appellees were furtively planned and executed, or concealed. The appellant essentially argues that because the lawyers made statements that proved to be untrue, and, because a jury could possibly conclude that the lawyers were aware of and attempted to conceal that fact, the statements may therefore constitute fraudulent concealment. This argument does not take cognizance of the elements of fraudulent concealment. Regardless of possible conclusions by a jury, some evidence of secretive, furtive, or deceptive action designed to conceal the existence of a fraudulent act is necessary to satisfy the appellant's burden. Because the appellant has produced no evidence consistent with fraudulent concealment other than the inaccurate statements made by the appellees, we conclude that Delanno has not proven that the statutory period was tolled by fraudulent concealment.

Further, if the plaintiff should have discovered the existence of fraud by the exercise of reasonable diligence, then the suspension of the statutory period caused by fraudulent concealment ceases as of the date the fraud should have been discovered. *First Pyramid Life Ins. Co. v. Stoltz, supra.* The pertinent inquiry in a case

such as this is whether there is any genuine issue of material fact concerning the statute of limitations. *O'Mara v. Dykema* 328 Ark. 310, 317, 942 S.W.2d 854, 858 (1997). Although an allegation of fraudulent concealment typically involves a question of fact not well suited for summary judgment, when the evidence leaves no room for a reasonable difference of opinion, the trial court may resolve fact issues as a matter of law. *Id.* at 317-18, 942 S.W.2d at 858.

■ In the instant case, attorney Peace made a representation to Delanno that conflicted with the information that Delanno had received from the State; at that point, Delanno was on notice that either his attorney or the State was incorrect, but he made no effort to contact the State to investigate the situation any further. As stated above, if a plaintiff, by the exercise of reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it. *O'Mara, supra*; *see also Curry v. Thornsberry*, 354 Ark. 631, 128 S.W.3d 438 (2003); *Alexander v. Flake*, 322 Ark. 239, 910 S.W.2d 190 (1995) (where the appellant did not fulfill his duty to exercise reasonable diligence in examining the disputed agreements or in reading the materials provided to him, he could not avail himself of the benefit of tolling based on fraudulent concealment). Here, Delanno failed to exercise reasonable diligence; had he done so, he could have detected the alleged fraud. His failure to do so triggers the presumption that he had reasonable knowledge of the fraud. Consequently, the trial court did not err in determining, as a matter of law, that fraudulent concealment did not toll the statute of limitations.

■ Delanno also argues that because the attorney stands in a fiduciary relationship to his client, the client should be able to rely without qualification upon the statements of the attorney, and to hold otherwise would undermine the fiduciary duties owed by lawyers to their clients. The acceptance of this argument would unduly restrict the applicability of the statute of limitations to legal malpractice actions based on misstatements by attorneys. We are unwilling to say that the fiduciary duty owed by an attorney to his client eliminates the client's duty to exercise reasonable diligence in analyzing the accuracy of the attorney's statements. Clients cannot be absolved of all responsibility for testing the veracity of statements made by their lawyers. In the present case, the appellant received information from an authoritative source which directly contradicted the representations made by the appellees. In such a

situation, it was incumbent upon the appellant to attempt to reconcile the contradiction by some action other than obtaining a repetition of the assurances given by the appellees. Further inquiries, such as asking for proof of a tax clearance letter from either its attorneys or the State, would have alerted Delanno to the severity of the problem, but appellant took no further action for approximately three years. For the foregoing reasons, we hold that in these particular circumstances, the appellant's failure to make further inquiry falls below the standard of reasonable diligence.

The appellees made a *prima facie* showing that the statute of limitations had expired in the present case. This shifted the burden of proof to Delanno and required a showing that the statutory period was tolled by fraudulent concealment. Delanno has failed to present evidence of a positive act of fraud that was furtively planned and secretly executed by the appellees. Moreover, it has failed to show an affirmative act of concealment by the appellees. And, in any event, it failed to exercise reasonable diligence after being apprised of its tax liability by the State. Thus, the trial court was correct in granting summary judgment.

Affirmed.

CORBIN and BROWN, JJ., concurring.

IMBER, J., not participating.

ROBERT L. BROWN, Justice, concurring. As an initial matter, I agree that the summary judgment should be affirmed because Delanno failed to offer any proof of fraudulent concealment so as to create a genuine issue of material fact. *See* Ark. R. Civ. P. 56(c)(2). That is the test under Rule 56(c)(2).

Because of the failure to present any proof of fraudulent concealment, it is not necessary to discuss the failure to discover fraud by the exercise of reasonable diligence. First, the diligence discussion is *obiter dictum*, but, secondly, I agree with Delanno that whether its diligence was "reasonable" raises a fact question. *See Hickson v. Saig*, 3009 Ark. 231, 828 S.W.2d 840 (1992).

When the State contacted Delanno in the Spring of 2001 and advised that taxes were owed on the sale, Gail Delanno called the law firm and was assured that the State was wrong, in effect, because the firm had a tax-clearance letter in its file. Was this reasonable diligence on Delanno's part? That to me is a jury issue. Accordingly, I would not rely on "reasonable diligence" as a basis for affirming summary judgment.

For these reasons, I concur.

CORBIN, J., joins this concurrence.

IMBER, J., not participating.