Cite as 2022 Ark. App. 399

# ARKANSAS COURT OF APPEALS

DIVISIONS II & III
No. CV-21-417

| | | |
|---|---|---|
| REBECCA NICHOLS | | **Opinion Delivered** October 5, 2022 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION |
| V. | | [NO. 60CV-21-1321] |
| JAMES SWINDOLL AND CHUCK GIBSON | | HONORABLE WENDELL GRIFFEN, JUDGE |
| | APPELLEES | SUPPLEMENTAL OPINION ON GRANT OF REHEARING |

**N. MARK KLAPPENBACH, Judge**

In May 2022, we affirmed the circuit court's dismissal of the legal-malpractice lawsuit that was filed by appellant Rebecca Nichols against her attorneys, appellees James Swindoll and Chuck Gibson. *See Nichols v. Swindoll*, 2022 Ark. App. 233. The circuit court had granted the attorneys' motion to dismiss, which asserted that any negligence claim was barred by the applicable three-year statute of limitations and that Nichols failed to adequately plead that the attorneys fraudulently concealed their malpractice. Nichols filed a petition for rehearing following our original opinion.

We issue this supplemental opinion only to respond to the dissenting opinions. Chief Judge Harrison contends that we used the wrong standard of review in this appeal and

that a litany of cases from a multitude of federal and state courts show that the standard of review must be "de novo." We applied the "abuse of discretion" standard, which has been recited numerous times over the years from this court, and more importantly, our supreme court. *See, e.g., Steinbuch v. Univ. of Ark.*, 2019 Ark. 356, 589 S.W.3d 350; *Rhodes v. Kroger Co.*, 2019 Ark. 174, 575 S.W.3d 387. We are bound by Arkansas Supreme Court precedent and are powerless to overturn it. Nichols herself alleged in her point on appeal that the standard of review is "abuse of discretion." While we appreciate the research presented by our dissenting colleague, his dissent presents arguments vigorously researched for the appellant and presented for the first time on petition for rehearing. This is not a proper basis for rehearing.

Both Chief Judge Harrison and Judge Hixson take issue with the level of duty placed on lawyers to communicate potential legal errors and whether this complaint should have survived the motion to dismiss. Chief Judge Harrison goes so far as to suggest that we revisit *Rice v. Ragsdale*, 104 Ark. App. 364, 292 S.W.3d 856 (2009), because it "overstepped" and needs "correction." Nichols cited *Rice* in her appellate brief and did not question its validity as precedent. The *Rice* holding rejected the notion that an attorney's fiduciary duty extended to requiring disclosure of potential legal malpractice and rejected the idea that failure to disclose that negative information was evidence of an intent to conceal for purposes of tolling the statute of limitations. This court's majority opinion followed Arkansas law as it stands today. Again, while we appreciate the scholarly and informative dissenting opinions, they make arguments for the appellant that were never raised by the appellant herself.

2

Arkansas law requires an appellant's complaint to contain facts sufficient to support the application of fraudulent concealment to toll the statute of limitations. *Floyd v. Koenig*, 101 Ark. App. 230, 274 S.W.3d 339 (2008). We held that the circuit court did not err, and we stand by that decision for the reasons previously stated. The dissenting judges simply disagree with the majority's assessment.

ABRAMSON, WHITEAKER, and BROWN, JJ., agree.

HARRISON, C.J., and HIXSON, J., dissent.

GRUBER, J., not participating.