Cite as 2023 Ark. 97

# SUPREME COURT OF ARKANSAS

No. CV-21-417

|  |  |
|---|---|
| REBECCA NICHOLS<br><br>APPELLANT<br><br>V.<br><br>JAMES SWINDOLL AND CHUCK GIBSON<br><br>APPELLEES | **Opinion Delivered:** June 8, 2023<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT<br>[NO. 60CV-21-1321]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><br>AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

KAREN R. BAKER, Associate Justice

Appellant Rebecca Nichols appeals from the Pulaski County Circuit Court's dismissal of her legal-malpractice complaint against her attorneys, appellees James Swindoll and Chuck Gibson (collectively, the "Attorneys"). On appeal, Nichols argues that the circuit court abused its discretion in granting the Attorneys' motion to dismiss and finding that there were no facts in the complaint sufficient to toll the running of the statute of limitations based on fraudulent concealment. We affirm.

Nichols is a tractor-trailer driver. On or about November 23, 2014, Nichols was dispatched to Jonesboro, Arkansas, to pick up a trailer containing steel coils for transportation to Arkansas City, Kansas. Nichols attached the trailer to her truck and proceeded to Arkansas City. When Nichols entered the highway, the trailer swayed, causing

the tractor trailer to overturn. According to Nichols, the cargo was not properly loaded and secured, which caused the cargo to dislodge and pull the trailer into a turnover wreck. Nichols hired the Attorneys to represent her in her personal-injury lawsuit. On September 21, 2017, her Attorneys filed her personal-injury complaint against John Does in the Baxter County Circuit Court. According to Nichols, the Attorneys were aware that they had until January 19, 2018, which was 120 days from the filing of the complaint, to serve the lawsuit or request an extension of service. The Attorneys failed to accomplish service or request an extension, and as a result, the statute-of-limitations period for the personal-injury claim expired. It is Nichols's position that although her personal-injury claim was barred by the statute of the limitations, her Attorneys continued her litigation despite knowing it was useless. Specifically, the Attorneys filed amended complaints against named parties in August 2018 and April 2019. Nichols alleged that, due to the Attorneys' failure to complete service, the malpractice occurred on January 19, 2018.[1] From this date, Nichols had three years—until January 2021—to file her legal-malpractice claim against her Attorneys. However, Nichols did not file her malpractice complaint until February 22, 2021. On April 7, 2021, Nichols filed her first amended complaint, which incorporated her original complaint. Nichols alleged that, in order to prevent her from discovering her claim for malpractice, the Attorneys maliciously, willfully, and purposefully attempted to conceal the fact that she could

---

[1]In her amended complaint, Nichols asserts that the malpractice occurred in March 2018. However, on appeal, Nichols states that the malpractice actually occurred on January 19, 2018.

2

no longer successfully litigate her personal-injury claim. Nichols alleged that her Attorneys were negligent and breached their fiduciary duty by fraudulently and maliciously hiding their malpractice from Nichols. Further, Nichols asserted that in March 2020, Swindoll informed her that he and Gibson had committed a separate malpractice in May 2019.[2] However, Swindoll assured Nichols that the judge might excuse their malpractice and allow her to continue with her lawsuit.

On March 31, 2021, Swindoll filed his motion to dismiss, and on April 16, 2021, he filed his motion to dismiss the amended complaint. Swindoll argued that the malpractice claim was barred by the statute of limitations. Swindoll asserted that Nichols's accident occurred on November 23, 2014, and therefore, the three-year statute-of-limitations period for her personal-injury claims expired on November 23, 2017. Therefore, Swindoll argued that Nichols was required to bring her legal-malpractice claim on or before November 23, 2020. As to Nichols's assertion of fraudulent concealment, Swindoll contended that Nichols asserted conclusory and insufficient allegations to toll the three-year statute-of-limitations period for the malpractice claim against Swindoll. He contended that the February 2021 malpractice complaint was therefore time-barred by the statute of limitations and should be dismissed. Swindoll moved for dismissal pursuant to Rule 12(b)(6) of the Arkansas Rules of

---

[2]The May 2019 malpractice claim was based on the Attorneys' failure to serve her complaint on a named defendant. Below, Nichols asserted that despite informing her of the May 2019 malpractice, her Attorneys did not inform her of the January 2018 malpractice.

Civil Procedure for failure to state a claim upon which relief can be granted. On April 2, 2021, Gibson filed a motion to dismiss asserting similar grounds.

During a May 21, 2021 hearing, the circuit court examined portions of the amended complaint and noted that it had not seen a specific date on which Nichols alleged that the Attorneys had taken any action to conceal the expiration of the limitations period. In reading portions of the complaint, the circuit court commented that Nichols alleged conclusions but did not cite any facts. The circuit court remarked that there is nothing to suggest that any of the Attorneys' filings after January 2018—the last time the statute of limitations could have run—were intended to deceive Nichols. In closing, the circuit court granted the motion to dismiss based on the statute of limitations.

On June 7, 2021, the circuit court entered its written order granting the Attorneys' motion to dismiss and dismissing Nichols's malpractice complaint with prejudice. The circuit court found that Nichols's claims for malpractice against her Attorneys are barred by the three-year legal-malpractice statute of limitations. Even if the proposed date for the Attorneys' malpractice is applied—January 19, 2018—the three-year limitations period expired more than one month before she filed her February 2021 malpractice complaint. The circuit court further found that there were no facts in Nichols's complaint or amended complaint sufficient to toll the running of the statute of limitations based on fraudulent concealment. Specifically, the circuit court found that there were no facts stated showing the elements of fraud, and there were no facts stated showing that the alleged fraud was furtively planned and secretively executed.

Nichols timely appealed the circuit court's dismissal of her malpractice complaint to the Arkansas Court of Appeals. The court of appeals affirmed the circuit court's dismissal of her legal-malpractice lawsuit. *Nichols v. Swindoll*, 2022 Ark. App. 233, *opinion supplemented on reh'g*, 2022 Ark. App. 399. Nichols petitioned this court for review, which we granted on January 26, 2023. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. *Nalley v. Adams*, 2021 Ark. 191, 632 S.W.3d 297.

*Point on Appeal*

On appeal, Nichols argues that the circuit court abused its discretion in granting the Attorneys' motion to dismiss and finding that there were no facts contained in the complaint sufficient to toll the running of the statute of limitations based on fraudulent concealment. She contends, as she did below, that her attorneys fraudulently concealed their malpractice and therefore prevented her from learning that they had committed malpractice until March 2020. Nichols also asserts that her Attorneys had a duty to speak rather than to remain silent with respect to their malpractice. Stated differently, it is Nichols's position that, because of the Attorneys' fraudulent concealment, the statute of limitations was tolled until March 2020—the date that she was informed of the malpractice. According to Nichols, she had three years from March 2020 to bring her malpractice lawsuit against her Attorneys. She therefore contends that she timely filed her malpractice complaint on February 22, 2021.

The granting of a Rule 12(b)(6) dismissal is reviewed under the abuse-of-discretion standard. *Ballard Grp., Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, 436 S.W.3d 445. "In order to prevail on a motion to dismiss a complaint on the basis of a statute-of-limitations

defense, it must be barred on its face." *Hutcherson v. Rutledge*, 2017 Ark. 359, at 3, 533 S.W.3d 77, 79. Once a defendant has affirmatively raised a statute-of-limitations defense, and it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Id.* at 4, 533 S.W.3d at 80. The statute-of-limitations period for legal-malpractice actions is three years. Ark. Code Ann. § 16-56-105(3) (Repl. 2005). Absent concealment, it begins to run upon the occurrence of the wrong. *Delanno, Inc. v. Peace*, 366 Ark. 542, 545, 237 S.W.3d 81, 84 (2006) (citing *Goldsby v. Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992)). "Fraudulent concealment suspends the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence." *Shelton v. Fiser*, 340 Ark. 89, 96, 8 S.W.3d 557, 561 (2000).

In order to establish fraud, a plaintiff must prove five elements under Arkansas law: (1) that the defendant made a false representation of material fact; (2) that the defendant knew that the representation was false or that there was insufficient evidence upon which to make the representation; (3) that the defendant intended to induce action or inaction by the plaintiff in reliance upon the representation; (4) that the plaintiff justifiably relied on the representation; and (5) that the plaintiff suffered damage as a result of the false representation. *Ark. Dev. Fin. Auth. v. Wiley*, 2020 Ark. 395, 611 S.W.3d 493 (citing *Muccio v. Hunt*, 2016 Ark. 178, 490 S.W.3d 310).

To show concealment, "not only must there be fraud, but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed." *Delanno*, 366 Ark. at 545, 237 S.W.3d at 84. Though alleging fraud is necessary, it is not alone sufficient to toll the statute of limitations. *Id.* at 546, 237 S.W.3d at 85. In order to toll the statute of limitations, the fraud perpetrated must be concealed. *Id.* at 545, 237 S.W.3d at 84. (citing *Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000)). Fraudulent concealment consists of "some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Shelton*, 340 Ark. at 96, 8 S.W.3d at 562.

Treating the facts alleged in the complaint as true, Nichols has failed to sufficiently plead fraudulent concealment. As set forth above, to sustain an action for fraud, one must plead the five elements of fraud. The first element is a false representation of material fact. Here, we cannot say that Nichols has sufficiently pleaded that the Attorneys made a false representation of material fact. The absence of any one element of fraud is a sufficient basis for the circuit court to dismiss a claim of fraud. *See Anderson's Taekwondo Ctr. Camp Positive, Inc. v. Landers Auto Grp. No. 1, Inc.*, 2015 Ark. 268, at 8 (affirming dismissal of fraud claim where plaintiff failed to satisfy the first element).

Further, even assuming that she did sufficiently plead the five elements of fraud, Nichols has failed to plead an act of fraud that was furtively planned and secretly executed by the Attorneys. As set forth above, "not only must there be fraud, but the fraud must be furtively planned and secretly executed so as to keep the fraud concealed." *Delanno*, 366 Ark.

7

at 545, 237 S.W.3d at 84.  In that case, Delanno's attorneys were responsible for obtaining a tax-clearance letter from the State, which would absolve Delanno from any tax liability for a purchase that Delanno had made.  The attorney assured Delanno that they had secured the tax-clearance letter and that he would be relieved of any tax liability that would have otherwise resulted from the purchase.  Months later, the State notified Delanno that he was liable for taxes owed on the purchase.  Delanno's wife contacted the attorneys concerning the tax issue and was advised that the attorneys had a tax-clearance letter on file, that Delanno owed no taxes resulting from the purchase, and that the attorneys would take care of the matter.  Three years later, Delanno was again notified by the State that he owed taxes as a result of his purchase.  After a series of exchanges between Delanno and his attorneys, it became apparent that the attorneys had filed the tax-clearance letter with the wrong tax identification number and that, as a result of this oversight, Delanno owed the taxes as indicated by the State.  Delanno filed a malpractice suit against his attorneys.  In response, the attorneys moved for summary judgment, claiming that the action was barred by the statute of limitations.  The circuit court granted the motion for summary judgment and Delanno appealed.  The issue on appeal was whether the circuit court erred in granting summary judgment to the attorneys on the ground that the statute of limitations barred the action when Delanno pleaded fraudulent concealment.  We affirmed the circuit court's order granting summary judgment in favor of the attorneys, holding that Delanno failed to show that the attorneys' inaccurate statements were furtively planned and executed, or concealed.

We find *Delanno* to be dispositive of the present case and hold that Nichols has failed to plead fraudulent concealment. A close review of Nichols's complaint demonstrates that she failed to allege "something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that conceals itself." *Delanno*, 366 Ark. at 545, 237 S.W.3d at 84 (citing *Shelton*, 340 Ark. at 96, 8 S.W.3d at 562). Absent fraudulent concealment, the statute of limitations was not tolled until March 2020. Instead, it began to run on January 19, 2018 and expired three years later on January 19, 2021.[3] On this basis, Nichols's February 2021 malpractice complaint was untimely filed. Accordingly, the circuit court did not abuse its discretion in dismissing her untimely filed malpractice complaint.

Affirmed; court of appeals' opinion vacated.

WOOD, WOMACK, and WEBB, JJ., dissent.

**SHAWN A. WOMACK, Justice, dissenting**. We have an opportunity to hold attorneys to the same standard as other fiduciary and confidential relationships.[1] Yet we extend protection and favoritism to our own profession, while rightly withholding it from others.[2]

---

[3]We note that Swindoll takes the position that the statute of limitation for the malpractice claims expired on November 23, 2020. However, Swindoll acknowledges that even if we apply the more generous date of January 19, 2021, Nichols's malpractice claim is still time barred because it was not filed until February 2021.

[1]*Howard v. Nw. Ark. Surgical Clinic, P.A.*, 324 Ark. 375, 383, 921 S.W.2d 596, 600 (1996) (explaining that a physician "had an obvious professional, positive duty to speak if he knew he had negligently left a foreign object in his patient[,]" and his failure to do so amounted to fraudulent concealment).

[2]*See id.*

Unlike the majority, I would hold that Rebecca Nichols pled sufficient facts to establish fraudulent concealment because silence amounts to a positive act of fraud when there is a confidential or fiduciary relationship.[3]

"A fiduciary relationship exists between attorney and client, and the confidence which the relationship begets between the parties makes it necessary for the attorney to act in utmost good faith."[4] An attorney "must not only not misrepresent any fact to his client, but there must be an entire absence of concealment or suppression of any facts within his knowledge which might influence the client, and the burden of establishing the fairness of the transaction is upon the attorney."[5]

When such a relationship exists, the duty to speak arises.[6] The Restatement (Third) of the Law Governing Lawyers[7] succinctly explains why.

> A lawyer must keep a client reasonably informed about the status of a matter entrusted to the lawyer, including the progress, prospects, problems, and costs of the representation. . . . If the lawyer's conduct of the matter gives the client a substantial malpractice claim against the lawyer, the lawyer must disclose that to the client. For example, a lawyer who fails to file suit for a client within the

---

[3]*Ward v. Worthen Bank & Tr. Co.*, 284 Ark. 355, 359, 681 S.W.2d 365, 368 (1984) (noting that "[f]ailure to speak is the equivalent of fraudulent concealment only in circumstances involving a confidential relationship when a duty to speak rises where one party knows another is relying on misinformation to his detriment").

[4]*Allen v. Allison*, 356 Ark. 403, 415, 155 S.W.3d 682, 691 (2004).
[5]*Norfleet v. Stewart*, 180 Ark. 161, 168, 20 S.W.2d 868, 870 (1929).

[6]*See Ward*, 284 Ark. at 359, 681 S.W.2d at 368.

[7]Section 20 cmt. c (2000 & Supp. 2021).

limitations period must so inform the client, pointing out the possibility of a malpractice suit and the resulting conflict of interest that may require the lawyer to withdraw.

We have adopted rules of professional conduct that try to guard against the forewarned deception, namely that a "[l]awyer may not withhold information to serve the lawyer's own interest or convenience or the interests or convenience of another person."[8] What better example of this is there than a lawyer maintaining a futile lawsuit to run out the statute of limitations on a legal-malpractice claim?

The relevant portions of Nichols's amended complaint allege the following facts to support her allegations that Swindoll and Gibson fraudulently concealed their malpractice: Swindoll and Gibson:

> c. purposefully and fraudulently and maliciously on March 22, 2018, and afterwards failed to advise Rebecca that by them failing to request an extension on or before March, 2018, to serve the John Doe defendants, Rebecca's further litigation efforts were useless; had Defendants acted with a reasonable degree of care they would have immediately after March 22, 2018, informed Rebecca of their malpractice to put her on notice she needed to sue them;

> d. purposefully and fraudulently and maliciously attempted to hide their malpractice from Rebecca because they incorrectly believed that she could not sue them for malpractice after November 23, 2020; had defendants acted with a reasonable degree of care they would have immediately after March 22, 2018, informed Rebecca of their malpractice to put her on notice she needed to sue them;

> e. purposefully and fraudulently and maliciously continued to fruitlessly litigate Rebecca's lawsuit against the John Doe defendants after March 22, 2018, in order to hide their malpractice from Rebecca long enough so she would be barred by the three-year statute of limitations from suing them; had

---

[8]Ark. R. Prof'l Conduct 1.4 cmt. 7.

11

defendants acted with a reasonable degree of care they would have immediately after March 22, 2018, informed Rebecca of their malpractice to put her on notice she needed to sue them;

f. purposefully and fraudulently and maliciously waited until after March 13, 2020, to inform Rebecca they had technically committed malpractice and fraudulently advised her that the judge would forgive the technicality and allow her to continue her lawsuit;

g. willfully and maliciously disregarded their fiduciary duty to Rebecca;

h. were aware their above actions in representing Rebecca would naturally and probably result in damage to her in excess of $75,000 and yet continued with malice or in reckless disregard of the consequences from which malice can be inferred.

At this stage, we presume these well-pled facts to be true.[9] By doing so, neither we nor the circuit court can properly conclude that Nichols failed to allege facts to support a claim of fraudulent concealment when her attorneys had a duty to inform her of their malpractice when they learned of it.[10]

As Chief Judge Brandon Harrison presciently warned below, "Surely a client is not required to maintain a double layer of lawyers to ensure that the fiduciary responsibilities of the primary lawyer are being honored. (And is a third lawyer needed to ensure the second lawyer properly monitors the first one? And so on."[11] I share these concerns and worry that

---

[9]*Henson v. Cradduck*, 2020 Ark. 24, at 4, 593 S.W.3d 10, 14.

[10]*See Norfleet*, 180 Ark. at 168, 20 S.W.2d at 870; *see also* Restatement (Third) of the Law Governing Lawyers § 20 cmt. c; *see also* Ark. R. Prof'l Conduct 1.4 cmt. 7.

[11]*Nichols v. Swindoll*, 2022 Ark. App. 399, at 8 (Harrison, C.J., dissenting).

the majority has authored a playbook for attorneys to escape liability, cutting off innocent and unsuspecting clients from any chance at compensation they may be due. I have no opinion on the merits of Nichols's malpractice claim; that is for a jury to decide. But because of today's decision, Nichols will never have that opportunity.

I respectfully dissent.

WOOD and WEBB, JJ., join.

*Harry McDermott* and *Robert S. Tschiemer*, for appellant.

*Barber Law Firm, PLLC*, by: *G. Spence Fricke* and *Adam D. Franks*, for separate appellee James Swindoll.